639 So.2d 153 (1994)
Furman K. COOPER, Appellant,
v.
Barbara S. COOPER, Appellee.
No. 93-01027.
District Court of Appeal of Florida, Second District.
July 1, 1994.
*154 Carol C. Murphy, Lakeland, for appellant.
Cynthia J. Dodge, Lakeland, for appellee.
PER CURIAM.
In this action for dissolution of marriage, the husband challenges the trial court's distribution of assets, award of alimony and award of attorney's fees. We reverse and remand for reconsideration by the trial court.
The parties were married on September 16, 1971, and separated in January of 1989. The petition for dissolution was filed on May 15, 1992, and the final hearing was held February 11, 1993. At the time of the final hearing, neither party was employed. The husband retired from the Navy in 1977 and was receiving a military pension of $2,061 gross per month at the time of the hearing. From June 1988 to December 1992, the husband was employed full-time and made additional income in amounts ranging from $39,418 to $23,000 annually. The wife worked as a registered nurse until approximately 1972, when she quit to have children. Thereafter, she obtained a degree in home economics and worked at various part-time jobs but never worked full-time. She testified, and the court found, that at the time of the final hearing she was unemployable due to medical and physical limitations.
The final judgment distributes three marital assets: the marital home, which had an equity value of $30,000; the husband's life insurance policies, which had a cash value of $8,000; and the husband's IRA, which was valued at $8,000. The marital home was awarded to the wife. The husband was awarded his insurance policies and his IRA. The final judgment recites that the award to the husband was made "as an offset and as equal distribution." However, the distribution made by the trial court does not reflect such a division. The award to the wife totals $30,000, and the award to the husband totals $16,000. These totals are not *155 substantially equal. Further, the IRA had been liquidated several months before the final hearing and was used to pay the temporary support order obligations (alimony and marital home mortgage payments) and some of the husband's living expenses. During this period, the husband's only income was his military pension. The final judgment contains no finding that the husband wrongfully depleted the IRA through any misconduct or that the IRA was used for any purpose that would support crediting the value of this depleted asset to him. Therefore, it was error to distribute the value of the depleted IRA as an asset.
In addition to the fact that an unequal asset distribution was made without any findings supporting such distribution, we note the following errors and omissions that should be addressed upon remand. The final judgment does not identify the date used for determining marital assets and liabilities and, therefore, the date is presumed to be the date the petition was filed. § 61.075(6), Fla. Stat. (1991). After the parties separated, but before the filing of the petition, the wife purchased two lots and two mobile homes. These assets were not distributed in the final judgment and were not identified as nonmarital assets. In addition, both parties presented testimony regarding debts that accrued during the marriage, a life insurance policy on the wife's life that was purchased during the marriage, and household furnishings that were accumulated during the marriage. None of these items were addressed in the final judgment.
Upon remand, the trial court should specify the date being used to determine and value the marital assets and liabilities if the court uses a date other than the date the petition was filed. After the date is determined, the trial court should distribute all assets and liabilities in existence on that date in accordance with the requirements set forth in section 61.075(3), Florida Statutes (1991). After the determination of an equitable distribution of marital assets and liabilities, the trial court shall then reconsider the alimony award.
It appears that the trial court may have imputed income to the husband for the purpose of awarding permanent periodic alimony to the wife, because of the amount awarded ($1,200 per month), as well as the finding in the final judgment that "[t]he Husband has military retirement and is capable of being gainfully employed and voluntarily forfeited two (2) jobs since May of 1992: one having an approximate income of $39,000 annually and the other having an approximate income of $22,000 annually." However, it is not clear in the final judgment whether an imputation was made and, if so, in what amount. Upon remand, if the trial court determines that income should be imputed to the husband, such imputation must be based on a finding that the husband is capable of earning a specified, imputed amount and that he could, in fact, earn this amount by using his best efforts. See Cushman v. Cushman, 585 So.2d 485 (Fla. 2d DCA 1991).
With respect to the trial court's treatment of the husband's military pension as a stream of income, rather than as an asset, we find no error. Further, we do not address the ruling regarding the husband's contribution to the wife's attorney's fees because that issue should also be reconsidered after the distribution of all marital assets and liabilities is made and the award of alimony is reconsidered.
Reversed and remanded for further proceedings.
CAMPBELL, A.C.J., and PARKER and FULMER, JJ., concur.