899 So.2d 1283 (2005)
Stephen D. PLICHTA, Jr., M.D., Appellant,
v.
Denise T. PLICHTA, Appellee.
No. 2D03-3050.
District Court of Appeal of Florida, Second District.
April 29, 2005.
*1284 Allison M. Perry of The Law Office of Allison M. Perry, P.A., Tampa, for Appellant.
Eileen H. Griffin of Griffin & Associates, P.A., Brandon, for Appellee.
*1285 FULMER, Judge.
In this appeal of a final judgment of dissolution of marriage, Stephen D. Plichta, Jr., M.D., the Husband, asserts as error: (1) discrepancies between the final judgment and the rulings made by the trial judge in his e-mail to the parties' counsel, (2) the primary custody award to the Wife, (3) certain equitable distribution awards, and (4) the requirement that the Husband maintain his life insurance to secure the awards of child support and alimony. We affirm in part, reverse in part, and remand for further proceedings.

I. Discrepancies Between Findings and Final Judgment
The final hearing in this proceeding spanned several days and concluded on January 8, 2003. On April 24, 2003, the trial judge's office sent an e-mail to the parties' attorneys with a seven-page attachment containing the judge's findings and rulings and a request that each counsel "prepare an order in conformity with these findings." On May 20, 2003, the Husband's attorney submitted her proposed final judgment to the Wife's attorney and requested that objections be made by May 28, 2003.
On May 28, 2003, the Wife's attorney informed the Husband's attorney that she had numerous objections and would be drafting her own proposed final judgment. On June 2, 2003, the Husband's attorney received the Wife's proposed twenty-two page final judgment. On June 3, 2003, the trial judge signed the Wife's proposed final judgment without making any modifications. The final judgment was filed with the clerk on June 5, 2003.[1]
Apparently unaware that a final judgment had been signed on June 3, 2003, on June 5, 2003, the Husband's attorney served, by facsimile transmission and U.S. mail, the Husband's objection to the Wife's proposed final judgment. The objection stated that the Wife's proposed final judgment included numerous substantive and material additions and changes to the court's ruling.
The final judgment contains several rulings that were neither announced on the record nor addressed by the trial judge in his e-mail, and the Husband was not afforded an opportunity to object. In Perlow v. Berg-Perlow, 875 So.2d 383, 390 (Fla.2004), the supreme court stated:
While a trial judge may request a proposed final judgment from either or both parties, the opposing party must be given an opportunity to comment or object prior to entry of an order by the court. Moreover, the better practice would be for the trial judge to make some pronouncements on the record of his or her findings and conclusions in order to give guidance for preparation of the proposed final judgment.
The supreme court also noted that a verbatim acceptance of a proposed final judgment without first affording an opportunity for response by the opposing party is contrary to the requirements of Canon 3B(7) of the Florida Code of Judicial Conduct.[2]
*1286 In this case, although the trial judge signed the proposed final judgment before the Husband had an opportunity to object, we conclude that Perlow does not require reversal of the entire final judgment because unlike Perlow, here, the trial judge made findings of fact and conclusions of law that provide a basis for much of the final judgment. Therefore, we reverse those additional provisions of the final judgment that address the following issues not reflected in the trial judge's rulings: transportation expenses for visitation, telephone contact with the children, paragraph 23(e)(8) pertaining to the Husband's military pension, and temporary support arrearages. The Wife argues that these additional provisions in the final judgment should nevertheless be affirmed because there is evidence in the record to support them. This same reasoning, which the Fourth District utilized to affirm the final judgment in Perlow v. Berg-Perlow, 816 So.2d 210 (Fla. 4th DCA 2002), was rejected by the supreme court in Perlow, 875 So.2d 383.

II. Child Custody
The trial court approved the parties' stipulation that the Wife be awarded primary residential custody of the minor children. It is undisputed that the stipulation was conditioned on the Wife following certain therapy and counseling recommendations made by Dr. James R. Flens. The Husband argues that the trial court erred by not including in the final judgment these requirements upon which the stipulation was conditioned. Because the record reflects the conditions and the Wife acknowledges that she is bound by them, we conclude that the trial court's custody award is adequately worded because it states that it is based on the parties' stipulation and, therefore, the judgment impliedly includes the conditions upon which the stipulation was based. We find no merit in the Husband's remaining challenge to the custody award and affirm.

III. Equitable Distribution
The trial court adopted the equitable distribution worksheet submitted by the Wife. The Husband argues that the distribution erroneously attributes to him the value of $57,000 for two IRA accounts he liquidated during the pendency of the dissolution proceedings and used to pay for his support, living expenses, and some litigation costs. We agree. It was error for the trial court to include these depleted marital assets in the equitable distribution scheme because the Husband used this sum during the pendency of the dissolution proceedings, and no misconduct was asserted. See Cooper v. Cooper, 639 So.2d 153, 154-55 (Fla. 2d DCA 1994). Our reversal on this issue will require the trial court to reconsider the equitable distribution scheme.
The Husband also argues that the trial court abused its discretion by awarding to him as equitable distribution the cash surrender value of the life insurance policies he is ordered to maintain to secure his child support and alimony obligations because this is an "asset" he can neither benefit from, nor access. We agree that it was error to both distribute the cash surrender value of the policies and also direct that they be maintained as security for support obligations in such a manner that precludes the Husband from utilizing the cash surrender value. However, we are unable to determine if the distribution of the cash surrender value of the policies was an abuse of discretion because, as discussed in part IV, the trial court failed to make sufficient findings when it ordered that the policies be maintained for the benefit of the Wife and children during the term of the Husband's support obligations. Our inability to undertake meaningful review *1287 on this issue requires reversal and remand for reconsideration.

IV. Life Insurance
Finally, the Husband argues that the trial court erred when it required him to maintain a life insurance policy to secure his support obligations without making the required findings. We agree. "In the absence of special circumstances, a spouse cannot be required to maintain life insurance for the purposes of securing alimony obligations." Pinion v. Pinion, 818 So.2d 557, 557 (Fla. 2d DCA 2002); Cozier v. Cozier, 819 So.2d 834, 837 (Fla. 2d DCA 2002). And, in determining whether to secure support awards, the trial court should consider the need for such insurance, the cost and availability of such insurance, and the financial impact upon the obligor. See Burnham v. Burnham, 884 So.2d 390, 392 (Fla. 2d DCA 2004). Further, the court should specify whether the policy is to serve only as security for unpaid support obligations, in which case the entire proceeds would not necessarily be encumbered, or whether the policy is to minimize future economic harm to the surviving family through distribution of the entire proceeds to the beneficiaries upon the death of the obligor. See Richardson v. Richardson, No. 2D04-551, 2005 WL 734958, 900 So.2d 656 (Fla. 2d DCA Apr.1, 2005). Because the trial court made no findings to support the directive to the Husband to maintain his life insurance for the benefit of his Wife and children, we reverse that provision of the final judgment and remand for reconsideration.
In his reply brief, the Husband raised several additional challenges to the equitable distribution scheme. Issues raised on appeal for the first time in a reply brief are not properly before this court and will not be considered. See Snyder v. Volkswagen of Am., Inc., 574 So.2d 1161 (Fla. 4th DCA 1991).
Accordingly, we reverse and remand for further proceedings consistent with this opinion.
WHATLEY and VILLANTI, JJ., concur.
NOTES
[1] On June 6, 2003, the trial court sua sponte entered an order of recusal based upon the judge's discovery on that date that the Husband had just retained the judge's sister-in-law to represent him in this case. The record contains no evidence regarding his motivation for hiring the trial judge's sister-in-law. Therefore, we make no further comment on this procedural matter.
[2] The commentary to Canon 3B(7) states in part:

A judge may request a party to submit proposed findings of fact and conclusions of law, so long as the other parties are apprised of the request and are given an opportunity to respond to the proposed findings and conclusions.