PER CURIAM.
We affirm the final judgment of dissolution of marriage.
The parties were married on October 6, 1992. The husband filed for divorce in April, 2002. The couple has. three minor children. At the time of the final hearing, the wife was 37 and in good health.
*1268 The trial judge denied the wife’s request for permanent alimony. The court awarded $4,500 a month in rehabilitative alimony for four years. This award was based on a rehabilitation plan that the wife would attend Nova Southeastern University to become a media specialist. Also, the court required the husband to pay the wife’s tuition, estimated at $12,000, and $1,200 for textbooks. If the wife chose not to proceed with the rehabilitation plan during the four year period, the husband’s obligation to pay the tuition and textbooks would expire.
In addition to rehabilitative alimony, the final judgment required the husband to pay $2,000 per month in child support, to provide medical insurance for the children, to pay 100% of their reasonable and necessary uncovered medical expenses, and to cover 100% of certain child care costs while the wife was actually working or attending school. The judgment ordered the husband to keep an existing insurance policy in force to secure his alimony and child support obligations.
The wife first argues that competent substantial evidence did not support the trial court’s rulings; she points to language in the final judgment where the court wrote that it could not “put an exact number on the Husband’s future income.” We are required to view the evidence in the light most favorable to the husband, the prevailing party below.
The husband worked in the securities industry. Due to the 2000 stock market decline, his income dropped. The husband’s income after business expenses was as high as $300,000 in 2000 and as low as $93,000 in 2003. In 2004, the husband made a base salary of $12,000 plus $89,000 in incentives and commissions. The court did not find that the husband would make “in the foreseeable days as little as he testified” or “as much as the Wife testified.” It was in this context that the trial judge wrote that she could not “put an exact number on the Husband’s future income.” If anything, the financial obligations placed on the husband might be more than the hard numbers can justify. The trial court did not fully accept the wife’s version of the facts and we cannot say that the evidence compels a different approach than that chosen by the trial judge.
Next, the wife argues that the trial court abused its discretion in not awarding permanent alimony. The wife cites cases with facts favorable to her and the husband argues cases favorable to him. All the alimony cases hinge on their particular facts. Based on this record, the trial court’s decision to award $216,000 in rehabilitative alimony and no permanent alimony was not an abuse of discretion.
Finally, the wife argues that the trial court abused its discretion in not awarding her a greater share in the equitable distribution because the husband had intentionally dissipated tax refunds for his own benefit. The trial judge ruled that April, 2002 was the cutoff date for identifying marital assets and concluded that the husband spent the 2002 and 2003 tax refunds to support himself and his family. The husband committed no misconduct that required distributing the value of the refunds to the wife. See Cooper v. Cooper, 639 So.2d 153 (Fla. 2d DCA 1994).

Affirmed.

STONE, GROSS and HAZOURI, JJ„ concur.