*1073
 
 LaROSE, Judge.
 

 Christine B. Parks (Former Wife) appeals the final judgment of dissolution of her long-term marriage to Christopher M. Parks (Former Husband). We reverse as to the equitable distribution of the parties’ assets and debts. On all other issues, we affirm without further discussion.
 

 The Former Wife advances four arguments contending that the trial judge erred in unequally distributing marital assets. Two have merit. First, she challenges the trial court’s award to the Former Husband of $23,179.16 from her share of the marital home sale proceeds without supporting factual findings. We reject this argument. The final judgment reflects that the Former Husband is entitled to $17,684.74 for half of the mortgage payments and $5494.42 for half of the interest on a home equity loan he paid while living in the house after the couple separated.
 

 The Former Wife next argues that these mortgage and interest credits inequitably invaded her share of the assets. According to the Former Wife, the parties acquired the home on the strength of the Former Husband’s higher income, he paid her no support during most of the separation, and he had the ability to pay the mortgage and she did not.
 
 See Knecht v. Knecht,
 
 629 So.2d 883, 888 (Fla. 3d DCA 1993). “Reimbursement or credit for a party’s payment of marital property-related expenses during separation is a matter of judicial discretion in light of all relevant circumstances.”
 
 Stock v. Stock,
 
 693 So.2d 1080, 1086 (Fla. 2d DCA 1997) (citing
 
 Knecht,
 
 629 So.2d 883).
 
 See also
 
 § 61.077, Fla. Stat. (2002). We cannot say that the trial court abused its discretion in crediting the Former Husband for half of the mortgage and home equity loan payments.
 

 However, we agree with the Former Wife’s third argument that she is entitled to an offset equal to half of the reasonable rental value.
 
 See Barrow v. Barrow,
 
 527 So.2d 1373, 1376-77 (Fla.1988);
 
 Adkins v. Adkins,
 
 595 So.2d 1032, 1033 (Fla. 1st DCA 1992);
 
 Haas v. Haas,
 
 552 So.2d 252, 254 (Fla. 4th DCA 1989).
 

 We also find merit in the Former Wife’s fourth argument concerning the home equity loan. Upon the sale of the marital home, the parties paid the mortgage and the home equity loan. The loan balance included $25,000 that the Former Husband withdrew and $25,000 that the Former Wife withdrew during a brief reconciliation. The Former Husband bought a motorcycle; the Former Wife used the money to support herself during the year following their final separation. During that time, she was unemployed, earned $6500, and received only $80 per month from the Former Husband for car insurance. The Former Wife used approximately $12,000 of the borrowed funds for living expenses, $3500 to retain an attorney, and $5000 for car payments. The trial court awarded the motorcycle to the Former Husband as nonmarital property. Based on the final judgment, we can assume that the court treated the Former Wife’s use of the proceeds as nonmarital expenditures.
 

 The Former Wife argues that it is inequitable to award the Former Husband the motorcycle he bought with loan proceeds when she had to expend her funds to support herself. We agree. The trial court effectively assigned that $25,000 to her as part of her equitable distribution. “Where the asset is used by one of the parties out of necessity for reasonable living expenses, ... that asset should not be assigned to the party who used them, absent a finding of misconduct.”
 
 Karimi v. Karimi,
 
 867 So.2d 471, 475 (Fla. 5th DCA 2004) (citing
 
 Cooper v. Cooper,
 
 639 So.2d 153, 154-55 (Fla. 2d DCA 1994));
 
 see also Tucker v. Tucker,
 
 966 So.2d 25, 26 (Fla. 2d
 
 *1074
 
 DCA 2007);
 
 Plichta v. Plichta,
 
 899 So.2d 1283, 1286 (Fla. 2d DCA 2005). We cannot accept the Former Husband’s argument that the Former Wife’s withdrawal of $25,000 dissipated marital assets and constituted marital misconduct supporting an unequal distribution. The final judgment offers no support for the Former Husband’s position.
 
 See Cooper,
 
 639 So.2d at 154-55. Moreover, the Former Wife’s testimony that she used the $25,000 for attorney’s fees and living expenses was uncon-tradicted.
 
 See Levy v. Levy,
 
 900 So.2d 737, 746 (Fla. 2d DCA 2005) (holding it was error to assign full value of depleted asset to wife as part of equitable distribution where wife’s testimony that she used it for attorney’s fees and living expenses was unrebutted and trial court made no finding of misconduct with regard to her use of the funds);
 
 Karimi,
 
 867 So.2d at 475;
 
 Knecht,
 
 629 So.2d at 886. Thus, the trial court erred in assigning that $25,000 to her as part of her equitable distribution.
 

 We reverse the equitable distribution award with regard to the Former Wife’s $25,000 home equity loan funds and the credit to the Former Husband of mortgage payments without offsetting them for reasonable rental value.
 

 On remand, the trial court may adjust the amount of the alimony or attorney’s fees awards if warranted in view of our decision.
 

 Affirmed in part, reversed in part, and remanded.
 

 WHATLEY and CASANUEVA, JJ., Concur.