PER CURIAM.
 

 Appellant, Purnima Sheth [“Wife”], pro se, appeals the amended final judgment of dissolution of marriage entered by the lower court after a three-day non-jury trial. Husband and Wife are both dentists. Wife filed the current petition for dissolution of marriage on May 6, 1998.
 
 [1]
 
 This contentious case has consumed eleven years, several judges and multiple attorneys. Issues in dispute have included alimony, custody and support, equitable distribution of assets and liabilities, ownership interest in their dental practice, partition of real estate and attorney’s fees. We conclude that the record is adequate to demonstrate error on only one of the many issues raised in the appeal and cross-appeal.
 

 We agree with Wife that the trial court erred in designating as a marital asset the Crown Bank CD # 4640, having a value of $26,198. This CD was redeemed by Wife at the time the parties’ first dissolution was filed in 1996 and the funds were used for her and the children’s living expenses. This proceeding was dismissed later in
 
 1996.
 

 In 1998, Wife filed a new petition for dissolution. The trial court apparently determined that the Crown Bank CD was a marital asset, based on an order in the earlier dissolution concerning temporary support that deferred classification of the proceeds of the CD, but we can find no legal basis to treat this previously liquidated CD as a marital asset in the present proceeding.
 
 See also McCants v. McCants,
 
 984 So.2d 678 (Fla. 2d DCA 2008);
 
 Tucker v. Tucker,
 
 966 So.2d 25 (Fla. 2d DCA 2007);
 
 Plichta v. Plichta,
 
 899 So.2d 1283 (Fla. 2d DCA 2005);
 
 Cooper v. Cooper,
 
 639 So.2d 153, 154-55 (Fla. 2d DCA 1994);
 
 Knecht v. Knecht,
 
 629 So.2d 883 (Fla. 3d DCA 1993);
 
 Akers v. Akers,
 
 582 So.2d 1212 (Fla. 1st DCA 1991).
 
 [2]
 

 Wife also contends on appeal that the trial court erred in dividing the retirement assets, but it appeal's this issue arises only because of the language employed in the order. The accounting spreadsheet shows Wife’s fifty percent share of Husband’s retirement account to which she is entitled is $66,314.50. This amount is not disputed by Husband. The final judgment provides:
 

 35. In consideration of the tax deferred equalizing payment of retirement assets being $66,314.50, [Husband] shall transfer $36,472.98 as an equalizer payment in Retirement Assets to a retirement account of the Wife. This transfer contemplates the amount owed to [Wife] in such form as can be accomplished to avoid any early withdrawal penalties or tax consequences. Counsel for [Wife] and for [Husband] shall cooperate to
 
 *635
 
 accomplish such transfer through Qualified Domestic Relation Order if necessary. Should there be a complete absence of a vehicle by which this transfer can be accomplished from [Husband] to [Wife], then the [Husband] may transfer this sum, less the reduction of 10% for early withdrawal penalties and a 35% reduction for the taxes associated with said withdrawal.
 

 The parties agreed at oral argument that their mutual understanding of this provision is that if these funds can be transferred to Wife through a qualified domestic relation order, there would be no tax consequences to Husband, and Wife should receive the $66,314.50. If such a transfer cannot be made, then Wife would receive the $36,472.98, representing the net present value of the retirement funds after taxes and early withdrawal penalties incurred by Husband. At oral argument, the parties advised the court that no effort to make the transfer has yet been made, but given the parties’ agreement, there appears to be no appellate issue. Accordingly, the final judgment is affirmed in all respects, save the deduction from equitable distribution to Wife of the $26,198 certificate of deposit and the addition of the value of the 1996 Toyota Corolla. We remand for amendment of the Final Judgment for this purpose.
 

 AFFIRMED in part; REVERSED in part; and REMANDED.
 

 GRIFFIN, COHEN, JJ, and BERGER, W, Associate Judge, concur.
 

 [1]
 

 . In 1996, a prior dissolution of marriage action was filed. The case was dismissed when the parties decided to attempt to reconcile.
 

 [2]
 

 . Although inclusion of this CD as part of Wife’s equitable distribution was error, the trial court did not value Wife’s car, which had been purchased with some of the proceeds of the CD, to avoid counting that asset twice. Thus, on remand, the 1996 Toyota Corolla must be allocated to Wife.