PER CURIAM.
 

 The former wife seeks review of various financial provisions contained in the final judgment of dissolution of marriage entered by the trial court. Because there is nothing in the judgment to suggest that the former wife used the
 
 money
 
 she withdrew from the parties’ bank account for other than reasonable living expenses pending resolution of her petition for dissolution of the marriage, the trial court erred when it assigned that money to her as a part of the scheme of equitable distribution.
 
 See, e.g., Parks v. Parks,
 
 18 So.3d 1072, 1073-74 (Fla. 2d DCA 2009) (where an asset is used by a party out of necessity for reasonable living expenses, the asset should not be assigned to the party as a part of the scheme of distribution absent a finding of misconduct by that party);
 
 Roth v. Roth,
 
 973 So.2d 580, 584-85 (Fla. 2d DCA 2008) (“to include a dissipated asset in the equitable distribution scheme, there must be evidence of the spending spouse’s intentional dissipation or destruction of the asset, and the trial court must make a specific finding that the dissipation resulted from intentional misconduct”);
 
 Akers v. Akers,
 
 582 So.2d 1212, 1216-17 (Fla. 1st DCA 1991) (it is error to include in the scheme of distribution funds used by a party during pendency of the dissolution proceeding to maintain her customary standard of living). Accordingly, we reverse the trial court’s scheme of equitable distribution. On remand, the trial court shall again address the issue of equitable distribution without talcing into account money used by either party during pen-dency of the dissolution proceeding for reasonable living expenses. We have considered appellant’s remaining complaints, and conclude that they lack merit. Accordingly, we affirm as to those issues without further discussion.
 

 AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
 

 WEBSTER, PADOVANO, and ROBERTS, JJ., concur.