PER CURIAM.
The Justice Administrative Commission (JAC) petitions for a writ of certiorari to review a final order granting claim for attorney’s fees. Because the JAC was not permitted to comment on the proposed order submitted by Respondent David Taylor before the trial court adopted the proposed order as its own, contrary to the trial court’s prior ruling and Florida law, we grant certiorari and quash the order.
Among other arguments raised in its petition, JAC argues that the trial court departed from the essential requirements of law by adopting verbatim the draft order prepared by Taylor without first allowing JAC to have an opportunity to respond, contrary to Perlow v. Berg-Perlow, 875 So.2d 383, 389-90 (Fla.2004), and its progeny. While Taylor was ordered to show cause why the certiorari petition should not be granted, he has not filed a response.
The departure from the essential requirements of the law necessary for the issuance of a writ of certiorari is something more than a simple legal error. Allstate Ins. Co. v. Kaklamanos, 843 So.2d 885 (Fla.2003); Ivey v. Allstate Ins. Co., 774 So.2d 679 (Fla.2000). A district court should exercise its discretion to grant cer-tiorari review only “the circuit court’s decision constituted a denial of procedural due process, application of incorrect law, or a miscarriage of justice.” Ivey, 774 So.2d at 683.
It is error for a trial court to adopt verbatim a proposed final judgment without giving the opposing party an opportu *755 nity to comment. Perlow v. Berg-Perlow, 875 So.2d 383, 389-90 (Fla.2004). Here, Taylor was directed at the close of the hearing to prepare an order consistent with the trial court’s view of the case. Taylor was instructed to forward a copy of his proposed order to JAC, and after JAC approved it, the order was to be sent to the trial court. The cover letter sent to JAC which accompanied Taylor’s 11-page draft order is dated June 30, 2010. The copy of the cover letter included in JAC’s appendix to its petition for a writ of certio-rari bears a time and date stamp of “JUN/30/2010/WED 03:56 PM”. The order entered by the trial court is dated June 30, 2010. JAC claims that it was not given an opportunity to comment on the order before its entry, and the matters contained in its appendix supports this claim.
A review of the draft order prepared by Taylor and the one entered by the trial court discloses that the trial court did indeed adopt verbatim the draft order. Further, as noted, the order was entered before JAC had an opportunity to comment, and indeed, given the date of the entry of the order, before the trial court could have meaningfully deliberated its content. Compare Strand v. Escambia County, 992 So.2d 150, 155 (Fla.2008) (explaining that Perlow did not hold that a trial court’s adoption of a proposed final judgment verbatim is improper per se but held that before adoption of a draft order the opposing party is given an opportunity to object and that the adoption verbatim of a proposed judgment in Perlow within hours of receipt gave the appearance of impropriety). A review of the transcript of the fee hearing reveals that the numerous findings contained in the order do not mirror findings orally made by the trial court, but actually exceed the scope of the findings made at the conclusion of the evidentiary hearing. Compare Plichta v. Plichta, 899 So.2d 1283, 1285-86 (Fla. 2d DCA 2005) (holding that Perlow does not require a trial court to afford a litigant the opportunity to object to a proposed order prior to the court’s adoption of it if the proposed order merely memorializes rulings the trial court has already made); Grunzke v. Mason, 18 So.3d 652 (Fla. 1st DCA 2009).
Accordingly, we grant the petition, quash the order and remand for further proceedings.
VAN NORTWICK, LEWIS, and CLARK, JJ., concur.