PER CURIAM.
Shirley Bush appeals from a final judgment of dissolution of her marriage to O. David Bush, claiming errors in the amount of alimony the trial court awarded her and the equitable distribution scheme. We affirm in part and reverse in part.
This marriage was the parties’ second marriage to each other and it was of substantial duration. The parties had two grown children and, at the time of separation, were each quickly approaching retirement age. During the marriage they had enjoyed a modest lifestyle during which time they had accumulated a moderate amount of assets and liabilities. Besides owning several homes, their main source of income was the family business, a debris and disaster cleanup operation in which Mr. Bush was the prime mover. They each also had small incomes from government sources.
The trial court had awarded Mrs. Bush no temporary alimony but in the final judgment did award her $35,000 in lump sum alimony and nominal permanent alimony. And the trial court made an admirable attempt at splitting the marital assets equally. Mrs. Bush claims that, given her alleged disabilities and the lengthy term of this marriage, the alimony awarded to her is insufficient. But, in the parties’ circumstances, we find no abuse of discretion in the trial court’s award of alimony to her.
We conclude, however, that the trial court erred in one respect in the equitable distribution scheme. One of the marital assets was an account that was valued at approximately $143,000, the account the parties referred to as “the Rabat account.” The trial court had awarded no temporary alimony to Mrs. Bush, explaining in the final judgment that she had spent the money in this account for her needs during the pendency of the dissolution proceedings. The trial court awarded this account to Mrs. Bush in the final judgment despite the fact that it was depleted by that time. This was error. See Plichta v. Plichta, 899 So.2d 1283, 1286 (Fla. 2d DCA 2005) (“It was error for the trial court to include these depleted marital assets in the equitable distribution scheme because the Husband used this sum during the pendency of the dissolution proceedings, and no misconduct was asserted.”). Here, the trial court made no finding that Mrs. Bush had committed misconduct in depleting the Rabat account in this way.
We therefore affirm the alimony portion of final judgment of dissolution but reverse *1103 the portion dealing with equitable distribution. On remand, the trial court shall reconsider the equitable distribution in light of the depletion of the Rabat account.
Affirmed in part, reversed in part, and remanded.
CASANUEVA, KHOUZAM, and CRENSHAW, JJ, Concur.