# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D16-3736

_____

JUSTIN MAURICE JONES, Former
Husband,

    Appellant,

    v.

JANIE NICOLE JONES, Former
Wife,

    Appellee.

_____

On appeal from the Circuit Court for Santa Rosa County.
Marci L. Goodman, Judge.

March 8, 2018

PER CURIAM.

In this appeal of a final judgment of dissolution of marriage, Appellant Justin Jones, Former Husband, asks this Court to review four issues regarding timesharing, retroactive child support, attorney's fees, and equitable distribution. We affirm as to the first three issues without comment, but reverse and remand as to the fourth issue.

During the couple's dissolution proceedings, Former Husband admitted to taking $17,000 (with a $3,000 penalty totaling $20,000) from a Thrift Savings Plan (TSP) account that he had through his employer, the United States Air Force, while the

parties were still married but living separately. The amount remaining in the account after his withdrawals was $7,519. He claimed the withdrawn money was spent to avoid financial hardship and that he used it to pay marital bills and debts as well as living expenses during the dissolution proceeding. He explained that withdrawing the money required Former Wife's signature, but that he executed a waiver to avoid getting her signature because waivers are used in situations "where you cannot get an actual signature from the spouse . . . such as restraining orders, separations." Former Wife claimed that she had no knowledge of the withdrawals and that she received none of the money.

In the final judgment of dissolution, the trial court valued the TSP at $24,531.52 (valued on the date closest to the first filing of the dissolution petition) and found that "[t]he husband withdrew money from the thrift savings plan and the wife is owed her share in the amount of $10,315.76. The husband shall pay this debt in the amount of $500 per month beginning December 1, 2016 directly to the wife."

Former Husband argues on appeal, as he did below, that the evidence established that he withdrew $20,000 from the TSP account to pay marital expenses and that it was error for the trial court to include an asset in the equitable distribution scheme that was diminished or dissipated during the dissolution proceedings unless misconduct on his part had been demonstrated. He argues that there was no evidence presented as to misconduct on his part.

A trial court's ruling on equitable distribution is reviewed for an abuse of discretion. *Winder v. Winder*, 152 So. 3d 836, 838 (Fla. 1st DCA 2014). Section 61.075(3), Florida Statutes (2017), requires that "any distribution of marital assets or marital liabilities shall be supported by factual findings in the judgment or order based on competent substantial evidence with reference to the factors enumerated in subsection (1)." Those enumerated factors include spousal contribution, economic circumstances, duration of the marriage, and interruption of personal career or education by either party, among many others. § 61.075(1), Fla. Stat. Furthermore, section 61.075(3)(d) requires a trial court, in establishing an equitable distribution scheme, to make "[a]ny other findings necessary to advise the parties or the reviewing

2

court of the trial court's rationale for the distribution of marital assets and allocation of liabilities."

> As a general proposition, it is error to include assets in an equitable distribution scheme that have been diminished or dissipated during the dissolution proceedings. However, an exception to this general proposition exists when misconduct during the dissolution proceedings results in the dissipation of a marital asset. In that case, the misconduct may serve as a basis for assigning the dissipated asset to the spending spouse when calculating equitable distribution.

*Winder*, 152 So. 3d at 838-39 (marks and citations omitted) (reversing final order because "[t]he uncontradicted evidence shows that the dissipated funds were used to pay marital expenses while the dissolution was pending, including temporary support for the Wife, and because there is no evidence that the Husband engaged in misconduct in using these funds, the trial court abused its discretion in including these dissipated funds in the equitable distribution scheme"); *see also Walker v. Walker*, 85 So. 3d 553, 555 (Fla. 1st DCA 2012) (finding that "the record is devoid of any evidence of misconduct by the Former Husband or his intentional destruction of marital assets"); *Annas v. Annas*, 29 So. 3d 1209, 1210 (Fla. 1st DCA 2010) ("Because there is nothing in the judgment to suggest that the former wife used the money she withdrew from the parties' bank account for other than reasonable living expenses pending resolution of her petition for dissolution of the marriage, the trial court erred when it assigned that money to her as a part of the scheme of equitable distribution.").

In this case, Former Husband liquidated the TSP account to pay expenses to, according to his testimony, satisfy marital debt and to continue paying bills for himself and his children during the dissolution proceedings. Because the asset was dissipated, the trial court was required to make a specific finding of misconduct to equitably distribute it, which was not done. *See id.* (noting that "to include a dissipated asset in the equitable distribution scheme, there must be evidence of the spending spouse's intentional dissipation or destruction of the asset, and the trial court must make a specific finding that the dissipation resulted from

intentional misconduct") (citation omitted). Because the record before this Court contains no evidence upon which the trial court could have concluded that Former Husband's withdrawal of the funds was misconduct, we reverse the trial court's equitable distribution order and remand the case to readdress the issue of equitable distribution.

RAY, MAKAR, and WINSOR, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

E. Jane Brehany, Pensacola, for Appellant.

No appearance for Appellee.