OPINION ON REHEARING
PER CURIAM.
This Court’s opinion filed February 4, 1987, is withdrawn. The following opinion is substituted in its place.
This cause is before us on appeal from a final judgment of dissolution in which the trial court awarded the former wife a special equity in the family-owned business, lump sum alimony, permanent periodic alimony, and attorney fees. The former husband appeals, claiming error in each of the awards. We affirm the trial court’s order, except as it relates to attorney fees.
The parties were married in 1955. During their first year of marriage, they moved to Perry, Florida, where they have since resided and worked. Both were employed by Jackson Furniture Company, a business begun by appellant’s father and given to appellant in part in 1959 (at the time of incorporation) and in total in 1966 *1162 (after the store burned to the ground and was rebuilt on land deeded to appellant by his father). At that time, appellee testified that she refused to stay in Perry, Florida, because the business had been failing and struck a deal with her husband, whereby she would stay and help rebuild the business for a 50-percent interest. Husband testified that he agreed to give her 50 percent of the business, but only in order to save the marriage. Appellant’s mother, Fairby L. Jackson, then conveyed 32 shares of her stock to appellee at appellant’s request.[1]
Before and after the fire, appellee worked at the store on a full-time basis until the middle 1970s, when she began working part-time except for the busy seasons. Her testimony was corroborated in part by four witnesses: a fellow store employee, appellee’s daughter, appellee’s sister, and a close personal friend. Appellant, on the other hand, testified that appellee’s contributions to the business consisted merely of preparing reports, arranging furniture, and sales.
The parties also jointly owned a marital home, valued at $86,500, and rental property,- valued at $25,300. Outstanding mortgage balances of $13,460 and $12,700 exist on each, respectively. Appellant also has a one-half interest with his mother, as a joint tenant with a right of survivorship, in seven parcels of land valued at $196,072.
After a twelve-hour hearing, the trial court ordered, among other things, the following:
1.The husband shall pay all mortgages, real property taxes, and fire insurance on the jointly-owned marital home and on the jointly-owned parcel of rental property.
2. A 1979 Chrysler New Yorker motor vehicle, titled in the family’s closely-held corporation, should be transferred to the wife free and clear.
3. The husband should pay the wife $1,000 per month in permanent alimony.
4. Eighteen percent of the stock in the corporation should be transferred to the wife as lump sum alimony.
5. The wife should have a 32-percent special equity, in the corporation, and 32 percent of the shares of its common stock should be transferred to her.
6. The husband should pay the first attorney for the wife $2,500 and her second attorney $26,500.
The husband’s appeal maintained that all of the foregoing provisions except for the fee for his wife’s first attorney were erroneous. The wife cross-appealed, stating that, instead of being awarded a special equity in the corporation, she should have been awarded an outright ownership interest of 32 percent. And appellant’s mother, Fairby L. Jackson, sought to have the trial judge prohibited from ordering her to transfer her stock to appellee.[2]
In addition to all of the above, the husband complains that, all things considered, he has been “shortchanged” because he was left by the judgment with debts of record of $91,090[3] and assets other than those jointly held with his wife of $98,-036.08, while his wife was left with no liability for joint debts and additional personal assets of $32,664[4] plus attorney fees *1163 of $29,000 and permanent periodic alimony of $1,000 per month.
Prior to oral argument, the wife filed a suggestion of mootness as to certain issues and a motion for supplementation of the record. As supplemented, the record would show:
1. With the cooperation and acquiescence of the husband, his mother, and the corporation, the wife now owns 50 percent of the shares of the corporation.
2. With the cooperation and acquiescence of the wife, the mother now owns the wife’s undivided one-half interest in the marital home and the rental property.
3. Civil actions for the partition of the marital home and of the rental property were dismissed with prejudice by the parties.
We grant the motion to supplement the record but decline to agree with the suggestion of the wife that this renders moot the issues raised by the husband’s attack, since it is unclear whether the parties reached a settlement or merely effectuated terms of the judgment by the aforementioned post-judgment actions.
On the merits, we affirm all of the trial court’s awards except that which regards attorney’s fees. More specifically, we find no abuse of discretion in requiring the husband to pay the mortgages, taxes, and insurance on the jointly-owned marital home and parcel of rental property. Contrary to appellant’s assertions, we do not find the husband to have been “shortchanged” by this award.
Likewise, we find that, because of the past dealings among the parties and the corporation, neither the corporation nor the husband is in a position to raise any technical objection to the transfer of a corporate asset in the form of the Chrysler automobile to the wife.
The trial judge had before him evidence regarding the health of the wife and the earning ability of the husband. We find competent, substantial evidence in support of the trial court’s award of $1,000 per month in permanent alimony to the wife. This also holds true for the trial court’s award of lump sum alimony in the form of 18% of the corporate stock. Lump sum alimony is awarded pursuant to statute on the basis of need and ability to pay. Lump sum alimony is also justifiable as a means of providing support when unusual circumstances make permanent periodic alimony untenable. See Gorman v. Gorman, 400 So.2d 75 (Fla. 5th DCA 1981). It actually may be preferred over permanent periodic alimony in some situations where, for example, there are no children, the lives of the parties will diverge, and when property has been acquired by the joint efforts of the parties. The decision to award lump sum alimony is entirely within the discretion of the trial court, except to the extent that statutory factors be considered in calculating the award. See Section 61.08(2), Florida Statutes. We find the trial court to have considered these statutory factors; and we find no abuse of discretion in its award of lump sum alimony in the amount of 18% of the corporate stock.
We also affirm the trial court’s finding that the wife should have a 32% special equity in the corporation. The record supports this finding. The testimony revealed the wife’s contributions to the business to be numerous, long-standing, valuable, and without adequate consideration. Special equity is a creature of the judiciary which is awarded as a matter of discretion to exact equity and fairness. Such discretion is given great deference on review; and as long as reasonable men could differ as to the propriety of the award, which is neither arbitrary nor offensive, it will be upheld on appeal. See Marcoux v. Marcoux, 464 So.2d 542 (Fla.1985), and Canakaris ¶. Canakaris, 382 So.2d 1197 (Fla.1980).
Finally, we also find that when all the transfers referred to in the final judgment are taken into consideration, while the husband may not have been “shortchanged,” clearly the wife has been put in a better position than the husband to pay the fee of her second attorney. Accordingly, that portion of the final judgment is *1164 reversed, and all other provisions are affirmed.
VICTOR M. CAWTHON, Associate Judge, and JOANOS, J., concur.
ZEHMER, J., concurs in part and dissents in part with written opinion.

. Fairby L. Jackson initially was bequeathed 70 shares of capital stock by her husband. In 1966, Mrs. Jackson signed a stock certificate in blank and gave it to her son, who in turn signed it over to his wife, conveying 32 shares of capital stock. Subsequently, her son pledged all of the stock to Mrs. Jackson as collateral for funds ($64,931) she loaned him and the business.

. Mrs. Jackson filed with this court a petition for prohibition (Case No. BL-476), in which she sought to estop the trial court from ordering her to transfer her shares of stock to appellee for want of personal jurisdiction. Although the case was consolidated with the instant case for oral argument, Mrs. Jackson filed a voluntary dismissal with this court after having the company issue new stock certificates effectuating the trial court’s order. Accordingly, her action was dismissed by this court.

. This figure was arrived at by compiling the outstanding mortgage balances on the jointly-held property ($13,459 and $12,700) with the amount owed appellant’s mother ($64,931).

. At the time of the parties' separation, the wife took with her jewelry valued at $10,700, china and flatware valued at $12,000, a Chrysler automobile valued at $5,675, and furniture valued at $4,289.