THOMPSON, Judge.
The wife appeals a final judgment of dissolution of marriage which divided the marital assets and denied her any award of alimony. Because the division of the assets combined with the denial of alimony constitutes an abuse of discretion, we reverse.
The parties were married for 22 years and have one adult son. Throughout the majority of the marriage they were both successfully employed: the wife as an executive secretary and the husband as a salesman. After beginning with virtually no material wealth, during the course of the marriage the parties were able to secure and enjoy a comfortable life-style, a large home with a pool, a condominium and substantial financial assets. At the time of the dissolution the husband earned approximately three and one-half times as much as the wife, and the total marital assets were valued at approximately $320,000.
Without providing any grounds for its decision, the trial court awarded the husband two-thirds of the marital assets, including the virtually unencumbered marital home. The wife was provided with one-third of the marital assets, including the condominium, which is encumbered by a mortgage for 50 percent of its value. The husband’s monthly expense estimates admittedly included numerous items of expense inflated in anticipation of the husband’s perception of his needs in the lifestyle he intends to lead following the dissolution. The wife’s expense figures, in contrast, reflect her current monthly cost of living in the condominium with the parties’ adult son. Admittedly, the wife’s expense items included amounts expended on behalf of the adult son which neither party has any obligation to support. Nor could the trial court properly compel the husband to support this adult son by means of an alimony award to the wife. Grapin v. Grapin, 450 So.2d 853 (Fla.1984). Nevertheless, eliminating the wife’s items of expense incurred for the support of the adult son, the wife’s monthly cost of living exceeds her income. In contrast the husband, even with his inflated estimates of expenses, ends each month with approximately a $1500 surplus. Under the circumstances, a final judgment of dissolution which results in such a gross disparity in the parties’ positions constitutes an abuse of discretion.
Although the wife is arguably self-supporting, she need not demonstrate total dependency to justify an award of alimony. DeCenzo v. DeCenzo, 433 So.2d 1316 (Fla. 3d DCA 1983); Carrier v. Carrier, 409 So.2d 256 (Fla. 4th DCA 1982). The issue is whether the former spouse is able to support himself or herself in a manner which is reasonably commensurate with the standard established during the marriage. Cosgrove v. Cosgrove, 491 So.2d 1219 (Fla. 1st DCA 1986); Carroll v. Carroll, 471 So.2d 1358 (Fla. 3d DCA) review denied 482 So.2d 347 (Fla.1985); O’Neal v. O’Neal, 410 So.2d 1369 (Fla. 5th DCA 1982). In the instant case, the husband’s expense estimates and the terms of the final judgment of dissolution of marriage leave the husband with a standard of living at least commensurate, and possibly superior, to that enjoyed during the marriage. The wife on the other hand passes from prosperity to relative misfortune. The husband has a clearly demonstrated ability to pay alimony and the wife has demonstrated need. The court erred in denying the wife alimony.
Accordingly, we reverse the final judgment of dissolution of marriage and remand to the lower court so that the issue of alimony may be revisited, and additional *429 evidence adduced if necessary so that the court may properly consider all the criteria set forth in § 61.08, Fla.Stat.
REVERSED and REMANDED.
BOOTH and WIGGINTON, JJ., concur.