577 So.2d 662 (1991)
Genie Sue Anne McCreery BROMANTE, Appellant,
v.
Thomas G. BROMANTE, Appellee.
No. 90-2439.
District Court of Appeal of Florida, First District.
March 29, 1991.
Richard B. Bush of Bush & Pallentino, Tallahassee, for appellant.
Leonard J. Dietzen, III and William W. Corry of Parker, Skelding, Labasky & Corry, Tallahassee, for appellee.
WENTWORTH, Senior Judge.
Former wife, Genie Sue Anne McCreery Bromante, appeals a final order of dissolution of marriage. She contends that the trial court abused its discretion in (1) finding a townhouse titled in the name of her former husband, Thomas G. Bromante, was not a marital asset, (2) failing to award her any marital assets, and (3) denying attorney fees. We affirm in all respects except as to fees, on which we remand for further consideration.
We find no basis to disturb the court's finding that the former husband's townhouse was not marital property and its finding that all marital assets were used to pay marital debt. The only issue which requires discussion is the trial court's determination as follows with respect to fees:
Testimony at trial revealed that the wife's attorney received a $5,000.00 retainer. The court founds that the wife therefore had the ability to pay fees and costs to her attorney and the husband was not in a financial position superior to the wife so that he should be required to pay her attorney's fees and other costs.
*663 The court in Azzarelli v. Pupello, 555 So.2d 1276 (Fla. 2d DCA 1989) held:
The financial resources that should be considered in assessing the relative financial ability of the parties are the resources the parties have available without their having to look beyond the financial resources subject to their individual control. Just as courts will not consider family assets or the assets of a new spouse in determining the financial ability of a husband or wife to pay obligations arising out of a dissolution of marriage, neither should such assets be imputed to an otherwise needy spouse even though such needy spouse may be offered financial assistance by family or a new spouse.
In the present case neither the record nor order contains an additional explanation for the trial court's finding that former wife had the ability to pay fees and costs simply based on the fact that her attorney received a $5,000 retainer.[1] However, the former wife testified without contradiction that she borrowed the money from her father who had to take the money out of his retirement fund. We therefore reverse the order as to denial of fees and costs and remand the cause with directions to dispose of the issue and to determine the parties' financial ability to pay fees based only upon the financial resources of the parties and not the financial assistance of family or friends.
Affirmed in part and reversed in part and remanded for proceedings consistent herewith.
SMITH and WIGGINTON, JJ., concur.
NOTES
[1] We do not at this point construe, as appellee inferentially argues, the terms of the order denying alimony as intended to impute income to the former wife based on factors stated as follows:

[T]he court finds that the wife has failed to establish a need for such alimony. She is young (28 years of age), healthy, attractive, and possesses a four year college degree.
The order properly recognizes the former wife's apparent choice of volunteer over paid employment during the proceedings as a continuation of the typical pattern indulged by the parties throughout their association.