WOLF, Judge.
The former wife appeals from a final judgment of dissolution of marriage. Appellant argues (1) the trial court erred in denying alimony, (2) the trial court erred in determining the child support obligations, and (3) the trial court failed to order either party to provide for the children’s health insurance: We reverse as to all three issues.
At the dissolution hearing, the trial court found appellant did have a need for alimony, but did not require the former husband to make support payments because ap-pellee’s parents had been providing support to appellant since the dissolution proceedings began two years earlier. The court specifically stated, “I’m not awarding alimony at this point because Mr. and Mrs. Gardner, Sr. seem to be taking care of that, very amply I might add....” This court has held that as a general rule, “[g]ifts which have not yet been received are purely speculative in nature, mere expectancies, and as such are not properly included in the calculation of income for purposes of determining the need for, or the ability to provide, support.” Shiveley v. Shiveley, 635 So.2d 1021, 1022 (Fla. 1st DCA 1994); see also Bedell v. Bedell, 583 So.2d 1005, 1008 (Fla.1991) (“For the purpose of demonstrating need in dissolution or modification proceedings, the fact that one of the parties is surviving through the largess of her family is legally irrelevant.”). The trial *246 court abused its discretion in failing to award alimony based on the monetary gifts appel-lee’s parents had given in the past but were under no obligation to give in the future.
We find no abuse of discretion by the trial court in using the former husband’s current salary for determining child support obligations. We do find, however, that it is unclear from the record how the trial court arrived at the amount awarded for child support. At the time of the hearing, appellant had custody of the youngest child and appel-lee had custody of the older child. Although the figure arrived at by the court was correct for the situation at the time, now that the child living with appellee has reached the age of majority, the child support award is insufficient under the guidelines based on the parties’ current incomes. The issue of child support is remanded to the trial court for determination of appellee’s child-support obligations based on one child.
There was no mention of health insurance for the children in the trial court’s order. “Each order for child support shall contain a provision for health insurance for the minor child when the insurance is reasonably available.” § 61.13(l)(b), Fla. Stat. (1995). On remand, the trial court must address this issue.
Additionally, we note that at the time of the dissolution hearing, the former wife had filed a motion for contempt for the former husband’s failure to pay temporary child support. Because this issue was not addressed at the hearing, it should be properly determined on remand.
In summary, we reverse the denial of alimony, remand for recalculation of child support, and remand for determination of the youngest child’s health insurance coverage. The ease is remanded for further proceedings consistent with this opinion.
AFFIRMED in part, REVERSED in part.
BOOTH and VAN NORTWICK, JJ., concur.