701 So.2d 354 (1997)
Doris Ann Adams BURRILL, Appellant,
v.
Donald Morrill BURRILL, III, Appellee.
No. 96-1528.
District Court of Appeal of Florida, First District.
July 2, 1997.
Rehearing Denied September 10, 1997.
James L. Chase and Kristen P. Marks of James L. Chase & Associates, P.A., Pensacola, for Appellant.
Kathleen E. Anderson of Anderson & Sellers, Chartered, Pensacola, for Appellee.
PER CURIAM.
This is an appeal from a final order of dissolution of marriage. We conclude that the trial court abused its discretion in failing to award permanent alimony to appellant, the former wife, therefore we reverse and remand.
The parties were married for almost 16 years and have two sons. Primary residential custody was awarded to appellee, the former husband. The wife had worked sporadically during the marriage, but for the most part did not work when the children were small. When she returned to work and to school, she conformed her schedule to the children's schedules. The husband, who worked long hours, had supported her staying at home with the children. It is undisputed that wife was the children's primary caretaker during their early years, although the trial court found that the parties' roles with regard to the children had changed in the past few years, and that finding is supported in the record. At some point the wife returned to full-time work and began attending *355 school. She subsequently attended school full-time and did not work, and she devoted a great deal of time to her school work and activities.
At the time of the final hearing, wife, age 39, had not quite completed her studies for a bachelor's degree in social work. She had originally expected to be finished by May, 1996, but at hearing, held in mid-February, 1996, said she expected to complete her work in the summer, 1996, term. After completing that degree, she hoped to obtain a job that would provide a starting salary of about $18-20,000, although at the time of the final hearing, she was not employed. Her work history included clerical-type employment at which she had earned $6-7.00 per hour. She hoped to continue studying for a master's degree, although she had not yet settled on a definite program of study, and she realized it might not be possible to study full-time due to family finances. In her petition for dissolution, wife sought permanent and rehabilitative alimony.
By the time of the final hearing, wife had received a student loan and had moved from the marital home into a $500 per month apartment, while husband remained in the marital home, valued at $120,000, with the children. As the result of a temporary hearing, husband, whose gross income varies from approximately $60,000 to $70,000 annually, was required to provide wife $100 per week on a temporary basis at some point after the petition for dissolution was filed. Although wife was not employed, husband did not provide her any additional funds. Wife charged approximately $15,000 in credit card debts over the fourteen months between the time she moved out of the marital home and the final dissolution hearing. Husband indicated that on previous occasions, he had destroyed wife's charge cards due to her alleged financial irresponsibility. The trial court noted in the final order that it appeared wife had been financially irresponsible in the past and also had dissipated her student loan so that it would not cover the period of time it was intended to cover.
At the final hearing, the trial court announced it would award rehabilitative alimony of $550 per month for 24 months to give the wife an opportunity to finish her degrees so that she could obtain gainful employment. After some discussion, the court altered its oral ruling and ruled wife would receive $900 per month, representing $780 toward buying out her interest in the marital home, and $120 rehabilitative alimony. Husband did not ask for any child support, recognizing that wife would not be in a position to pay any as she was not employed, but he did ask for some kind of "credit" since she would not be paying child support. Husband indicated his expenses exceeded his income by about $1500 per month. While he had been unsuccessful in his attempts to find a buyer for his boat, for which monthly payments were $660.00, he apparently intended to continue his efforts to do so.
In the written final judgment, the court awarded no permanent or rehabilitative alimony, finding that wife's education was a luxury the family could not afford, and that she voluntarily left her employment to pursue school full-time and was on notice there might not be an award of alimony considering that total living expenses exceeded husband's monthly income. The court specifically denied the request for rehabilitative alimony, but did not specifically address the request for permanent alimony. The court awarded wife lump sum alimony in the amount of $38,250.00, to be paid at the rate of $1,000 per month, representing her share of the equitable distribution of marital assets. The court also suggested the husband consider selling his boat, valued at $38,000. The family business, Burrill Enterprises, was awarded to appellee.
Appellant argues that the trial court erred in failing to award permanent alimony because the wife is 40 years of age, with little work experience, never earning more than $7.00 an hour, for many years she had been the children's primary caretaker with the husband's agreement, husband has a much greater earning capacity, and the couple had a comfortable lifestyle, which wife cannot hope to approach on her earnings. Appellant also contends the trial court erred in failing to award rehabilitative alimony because she needs it to finish her education and develop her potential for self support. She emphasizes *356 that the lump sum alimony awarded was not for support, but was for the purpose of equitably distributing marital assets.
Appellee argues that the wife did not preserve her request for permanent alimony because she did not mention it at the final hearing. As for rehabilitative alimony, he argues wife did not present specific enough evidence as to the master's program she planned to pursue, although admittedly she had looked into several programs. Appellee asserts the reason the trial court did not award alimony was that it determined appellee was unable to pay more than $1,000 per month given his current financial situation. He contends that it will take several years for the entire lump sum alimony to be paid and by that time wife will have completed her degrees, and that the trial court intended wife should use that lump sum alimony to rehabilitate herself.
We find no abuse of discretion as to the decision with regard to rehabilitative alimony. Appellant had all but finished her bachelor's degree at the time of the final hearing, and no evidence was presented that obtaining a master's degree will enable appellant to earn more than the $18-20,000 she expects to earn with her bachelor's degree. Appellant herself recognized that, due to family finances, she might have to pursue her master's degree one course at a time while working. However, we do not agree with appellee's assertion that the question of permanent alimony was waived, as the issue of permanent alimony was raised in the pleadings. See generally Palumbo v. Palumbo, 576 So.2d 799 (Fla. 1st DCA 1991). Further, given the length and other circumstances of this marriage, particularly the disparity in income and earning abilities of the parties and wife's clear inability to achieve a style of living commensurate with the marital lifestyle, even if she is able to become employed in accordance with her plans, we conclude the trial court abused its discretion in failing to award some measure of permanent alimony.
"Permanent periodic alimony is used to provide the needs and the necessities of life to a former spouse as they have been established during the marriage of the parties." Zeigler v. Zeigler, 635 So.2d 50, 53 (Fla. 1st DCA 1994). The decision whether to award permanent alimony is based on an assessment of the needs of one spouse and the ability of the other spouse to pay, considering such factors as earning ability, age, health, duration of the marriage, and the value of the estate. Id.
Appellant is 40 years old with a limited employment history resulting at least in part from a decision by both parties that she would stay at home with the children when they were young. By pursuing an education, a course of action which appellee supported, she is now in a position to obtain employment that will pay more than the $6-7.00 per hour that she was previously able to earn, but the $18-20,000 she expects to earn will still not enable her to achieve a standard of living similar to that enjoyed during the marriage. We recognize that this 16-year marriage is in the "grey area" of duration in which there is no presumption in favor of or against an award of permanent alimony. Nevertheless, "[t]he disparate earning power of the parties is ... a significant factor in determining whether permanent ... support is appropriate." Id. at 54. In addition, "[a] party is not self supporting because he or she has the opportunity to enter the job market without some evidence of the ability to earn a salary which would allow the party to live in accordance with the lifestyle established during the marriage." Id. Even though the trial court found that appellee is unable to pay more than the monthly amount indicated, the trial court originally allocated that sum in such a way that rehabilitative alimony was to represent a portion of the total. The trial court can make a similar allocation in awarding permanent alimony.
Appellant also challenges the trial court's denial of attorney's fees, which was predicated on a finding that both parties borrowed money from their parents to pay their attorney's fees and costs. In assessing whether a fee award is appropriate, the court must "determine the parties' financial ability to pay fees based only upon the financial resources of the parties and not to financial assistance of family or friends." Bromante v. Bromante, 577 So.2d 662 (Fla. 1st DCA *357 1991). On remand, the court should reconsider the issue of attorney's fees in light of the parties' relative financial resources excluding consideration of parental assistance.
We recognize that it may be necessary for the trial court to reconsider the entire distribution scheme in light of our holding that the denial of permanent alimony was an abuse of discretion. See Atkins v. Atkins, 611 So.2d 570 (Fla. 1st DCA 1992). Reversed and remanded for further consideration in light of this opinion.
BOOTH, JOANOS and WOLF, JJ., concur.