PER CURIAM
In light of the tremendous discrepancy between the parties’ current and potential incomes, and upon consideration of other relevant factors as specified section 61.08, Florida Statutes, we conclude that the trial court abused its discretion in failing to award permanent alimony to the appellant wife in this marital dissolution action. Accordingly, we reverse the final judgment of dissolution to the extent that it awards the wife only rehabilitative alimony, and we remand this case to the trial court for the trial court to award the former wife permanent alimony in a sum to be determined by the trial court following such further proceedings as may be deemed necessary. We recognize that, in light of our decision, it may be necessary for the trial court to reconsider or restructure its rehabilitative alimony award, see, e.g., Burrill v. Burrill, 701 So.2d 354, 357 (Fla. 1st DCA 1997), and the former husband’s security obligation. See § 61.08(3), Fla. Stat. On remand, we also direct the trial court to amend the child support provision of its order to reflect the parties’ agreement that support obligations for each child continue beyond 18 years of age in accordance with the provisions of section 743.07(2), Florida Statutes. The final judgment of dissolution is otherwise affirmed.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
ALLEN, BENTON and PADOVANO, JJ., CONCUR.