PER CURIAM.
 

 In this dissolution of marriage case, the appellant, Sandra L. Biskie (the wife), raises several issues on appeal, only one of which merits discussion. She argues that the trial court erred by denying her permanent, periodic alimony in the final judgment that dissolved her marriage to Michael John Biskie (the husband). We agree. On this sole issue, we reverse and remand for further proceedings.
 

 The parties were married for 15 years and no children were born of the marriage. The parties lived a modest lifestyle; however, they accumulated a large amount of short-term debt during the marriage. The marital home was also a liability rather than an asset. The record shows that the wife only sporadically worked outside the home during the marriage. This was due, in part, to the husband’s career, which required them to relocate several times.
 

 At the time of trial, the wife was 59 years old and owned a home-based commercial sewing/embroidery business. She
 
 *972
 
 testified her gross income from the business was between $750 and $1,200 per month. She and the husband both testified that she had the potential to grow her business and earn more income. The trial court found she was healthy and able to work full time in another occupation.
 

 At the time of trial, the husband was 48 years old and had been employed as director of human resources for a boat company since 2001. The record shows that he had gross earnings greater than $80,000 per year from 2005 to 2007. In November 2008, his salary was reduced by 20 percent to approximately $67,000 per year. His financial affidavit at the time of trial revealed a gross income of $5,599 per month. He testified that he had received unemployment benefits due to a reduced work schedule. The husband also testified that he expected his salary to be restored at some point in the future; however, he was not certain as to when or if it would be.
 

 The wife requested permanent, periodic alimony; however, the trial court concluded that there was “simply no ability to pay.” The trial court found the wife was not entitled to permanent alimony and instead awarded her a one-time, lump-sum, non-modifiable, bridge-the-gap alimony payment of $5,000. On appeal, neither party challenges the bridge-the-gap award, but the wife argues the trial court erred by denying her request for permanent, periodic alimony.
 

 We review the trial court’s alimony award for an abuse of discretion.
 
 See Canakaris v. Canakaris,
 
 382 So.2d 1197, 1202 (Fla.1980). The two primary elements to consider are the need of one spouse for the funds and the ability of the other spouse to provide the funds.
 
 Id.
 
 at 1201. The criteria used to establish the elements include “the parties’ earning ability, age, health, education, the duration of the marriage, the standard of living enjoyed during its course, and the value of the parties’ estates.”
 
 Id.
 
 at 1201-02.
 
 See
 
 § 61.08(2), Fla. Stat. (2009). In the instant case, we find a consideration of these factors favors an award of permanent, periodic alimony to the wife.
 

 The trial court referred to the parties’ 15-year marriage as a long-term marriage. Generally, a 15-year marriage falls somewhere between a short-term and a long-term marriage, in the “gray” area.
 
 See Burrill v. Burrill,
 
 701 So.2d 354, 356 (Fla. 1st DCA 1997). As a result, there is no presumption in favor or against permanent alimony.
 
 Id.
 
 An award is made based on a consideration of the other pertinent factors in section 61.08(2).
 
 See Zeigler v. Zeigler,
 
 635 So.2d 50, 54 (Fla. 1st DCA 1994).
 

 In a “gray” area marriage, disparate earning capacity becomes a significant factor for the trial court to consider in deciding whether permanent alimony is appropriate.
 
 See id.
 
 (reversing denial of permanent alimony in a 13-and-a-half-year marriage where there was nothing in the record to indicate the wife would ever be able to support herself in a manner commensurate with the marital standard of living and there was no serious contention concerning the husband’s inability to provide some level of permanent support);
 
 Burrill,
 
 701 So.2d at 354 (finding denial of permanent alimony was an abuse of discretion in 16-year marriage where the wife was 40 years old with limited work experience and her earning capacity was much lower than that of the husband).
 
 See also Wolff v. Wolff,
 
 576 So.2d 852 (Fla. 1st DCA 1991) (finding permanent, periodic alimony appropriate in 15-year marriage where the wife remained out of the workforce at the husband’s request and the husband earned four times more than the wife).
 

 
 *973
 
 At the time of trial, the wife was 59 years old, approximately 11 years older than the husband, and earned considerably less than the husband. With a few exceptions, the wife has little work experience outside the home due to supporting the husband’s career. The wife does own a business that has potential to grow; however, there is no record indication that she could support herself in a manner commensurate with the marital standard of living.
 
 See e.g., Salisbury v. Salisbury,
 
 525 So.2d 427, 428 (Fla. 1st DCA 1987). These factors indicate the wife has a need for permanent alimony.
 

 As to the husband’s inability to pay, it appears that the trial court based its finding on the parties’ significant debt, nearly all of which was distributed to the husband. However, the debt was primarily short-term and will presumably be satisfied at some point in the future. Furthermore, the husband testified that he expects his salary to rebound in the future.
 

 Thus, we find the trial court abused its discretion when it found the wife was not entitled to permanent alimony. It also appears that the husband has the present ability to pay some amount of permanent alimony. Nonetheless, the record indicates that the parties’ financial circumstances will most likely change in the future, which would at least support an award of nominal permanent alimony.
 
 See Schmidt v. Schmidt,
 
 997 So.2d 451, 454 (Fla. 2d DCA 2008) (“[W]hen one party is entitled to permanent periodic alimony but the other spouse has no current ability to pay, the trial court should award a nominal sum of permanent periodic alimony, which will give the court jurisdiction to reconsider the award should the parties’ financial circumstances change.”).
 
 See also Fleck v. Fleck,
 
 958 So.2d 1043 (Fla. 2d DCA 2007) (finding the trial court erred by failing to consider whether an award of nominal permanent alimony was warranted where the parties had disparate earning capacities and the wife had a need for alimony).
 

 In the instant case, an award of nominal permanent alimony could serve to accomplish two goals. First, it would permit the wife to petition the trial court to pursue an increase in permanent alimony should the husband’s income rebound. Second, it would clearly preserve the jurisdiction of the trial court to revisit the matter if the parties’ respective financial situations change.
 
 See Nourse v. Nourse,
 
 948 So.2d 903, 904 (Fla. 2d DCA 2007) (citing
 
 Blanchard v. Blanchard,
 
 793 So.2d 989, 992 (Fla. 2d DCA 2001)).
 

 Accordingly, we reverse the denial of permanent alimony and remand for the trial court to award permanent alimony to the wife. On remand, the trial court may determine whether more than a nominal amount of permanent alimony is appropriate, taking into account the circumstances at the time of remand, such as the parties’ current earnings.
 

 AFFIRMED in part, REVERSED in part and REMANDED with instructions.
 

 WEBSTER, PADOVANO, and ROBERTS, JJ., concur.