PER CURIAM.
 

 This direct appeal and cross-appeal arise from a final judgment of dissolution of marriage. On direct appeal, the former wife argues the trial court abused its discretion in denying her request for permanent periodic alimony where, among other things, the parties were married almost seventeen years; there is a great disparity in incomes; and she is unable to meet her monthly expenses on her current income. On cross-appeal, the former husband argues the trial court abused its discretion in awarding the former wife his equity in the marital home as there were no special circumstances, justifying an award of lump sum alimony and such an award gave the former wife a substantially greater amount of marital assets. We reverse on both issues as they are interrelated.
 

 Facts
 

 At the time the ease was filed, the parties had been married approximately sixteen years and eight months and had two minor children. The former husband had an annual gross income of $113,250 per year, not including bonuses, while the former wife had not been employed for fourteen years and had just begun a part-time job earning $12.50/hour. The former wife had a plan of rehabilitation to become a board certified behavior analyst in three to four years. The trial court calculated that the former husband and wife’s gross monthly income from employment was $9,215/month and $1,406/month, respectively.
 

 In its original final order, the court awarded the Wife lump sum alimony in the form of equity in the marital residence (approximately $70,000) and rehabilitative alimony in the amount of $2,000/month for ten years. The Wife was also awarded $1,285/month in child support. The attached “Marital Asset Distribution Schedule” calculated that, after support payments and taxes, the former husband’s net monthly income would be $4,069 and the Wife’s would be $3,965. Equitable distribution of the marital assets and liabilities resulted in the former husband and wife receiving $86,318 and $139,638, respectively. The figure as to the former wife included the $70,000 of equity in the marital home.
 

 Both parties filed motions for rehearing which were granted. Following a rehearing, the court reduced the rehabilitative alimony award to $1,500/month for three years, presumably changing the former husband and wife’s prospective incomes to $4,569 and $3,465 respectively. It further stated that “[t]he former Wife’s award of permanent alimony is the former Husband’s interest in the marital home.” Because a marital home cannot be awarded as permanent alimony, it appears the court intended to award the marital home to the former wife as lump sum alimony in lieu of permanent alimony. However, the trial court made no additional findings regarding a denial or award of permanent alimony or lump sum alimony. Nor did it update the distribution schedule based on its changes to the original final order, specifically the reduction of the rehabilitative alimony award.
 

 Standard of Review
 

 A trial court has broad discretion in determining which remedy to apply to accomplish equity between the parties in a dissolution proceeding.
 
 See Canakaris v. Canakaris,
 
 382 So.2d 1197, 1202 (Fla.1980). Such remedies include lump sum alimony, permanent periodic alimony, re
 
 *350
 
 habilitative alimony, child support, special equity in property and the award of exclusive possession of property.
 
 Id.
 
 at 1202. In reviewing an order of dissolution, the remedies employed by the judge to accomplish equity between the parties should be reviewed as a whole since they are “interrelated” and “part of one overall scheme.”
 
 Id.
 

 Permanent Periodic Alimony
 

 “Permanent periodic alimony is used to provide the needs and the necessities of life to a former spouse as they have been established by the marriage of the parties.”
 
 See Canakaris,
 
 382 So.2d at 1202;
 
 see also Burrill v. Burrill,
 
 701 So.2d 354, 356 (Fla. 1st DCA 1997). A decision to award permanent alimony must be based on an assessment of the needs of one spouse and the ability of the other spouse to pay.
 
 Id.
 
 In reaching said decision, the court must consider the factors set forth in section 61.08(2), Florida Statutes (2009), including, but not limited to, the parties’ standard of living during the marriage, the duration of the marriage, the parties’ respective ages, the value of the estate, and the parties’ education and training.
 

 Because the parties were married less than seventeen years at the time the case was filed, this is a “grey-area” marriage and the rebuttable presumption in favor of permanent alimony does not apply.
 
 See Hill v. Hooten,
 
 776 So.2d 1004, 1007 (Fla. 5th DCA 2001);
 
 see also Burrill,
 
 701 So.2d at 356. As a result, the court had to rely on other factors to determine whether an award of permanent alimony was appropriate, such as disparate incomes.
 
 See Zeigler v. Zeigler,
 
 635 So.2d 50, 54 (Fla. 1st DCA 1994) (“The disparate earning power of the parties is [ ] a significant factor in determining whether permanent ... support is appropriate.”);
 
 see also Wolff v. Wolff,
 
 576 So.2d 852 (Fla. 1st DCA 1991) (finding permanent, periodic alimony appropriate in a 15-year marriage where the wife remained out of the workforce at the husband’s request and the husband earned four times more than the wife).
 

 Given that at the time of the final hearing, the former husband had an annual gross income of $113,250/year and the former wife, who had not worked for fourteen years, was earning $12.50/hour, the disparity of incomes suggests the wife was entitled to an award of permanent alimony. Moreover, the findings in the original order and the court’s comments during both hearings seem to suggest it believed the former wife was entitled to such.
 

 However, the denial of permanent alimony may be justified, assuming the trial court intended to award the marital home as lump sum alimony
 
 in lieu of permanent alimony. See Barbieri v. Barbieri,
 
 582 So.2d 640, 641 (Fla. 3d DCA 1991) (“[A] trial court is permitted to use a lump sum distribution in lieu of, or in addition to, periodic or rehabilitative alimony.”). However, such an award is unreasonable where the former wife’s income is insufficient to satisfy her monthly expenses.
 
 See Peak v. Peak,
 
 411 So.2d 325 (Fla. 5th DCA 1982) (reversing an award of child support and award of home as lump sum alimony where the support award was insufficient to meet household expenses, including mortgage).
 

 Because the trial court made no findings regarding a denial of permanent alimony nor did it adjust the distribution schedule based on its changes to the support award, it is unclear whether the former wife has sufficient income to meet her monthly expenses, let alone maintain the standard of
 
 *351
 
 living established during the marriage.
 
 [1]
 

 Lump Sum Alimony
 

 The marital home may be awarded as lump sum support alimony or through equitable distribution. See
 
 Simpson v. Simpson,
 
 678 So.2d 882 (Fla. 3d DCA 1996). Lump sum alimony for support requires a showing of need on the part of the recipient spouse, an ability to pay on the part of the payor spouse, and a justification for the payment. See
 
 Jackson v. Jackson,
 
 507 So.2d 1160, 1163 (Fla. 1st DCA 1987); see
 
 also Canakaris,
 
 382 So.2d at 1201. A “justification” is a “ ‘good reason’ or useful purpose which can sustain [an] award.”
 
 Rosen v. Rosen,
 
 386 So.2d 1268, 1271 (Fla. 3d DCA 1980) (finding that “the subject matter of the award provide[d] its own justification” where the trial court awarded the wife the marital home as lump sum alimony and the parties had been living there for several years with their children);
 
 see Rosario v. Rosario,
 
 945 So.2d 629, 632 (Fla. 4th DCA 2006) (“[T]he trial court must find some special necessity for lump-sum payment of alimony” and, if support is needed, there must exist unusual circumstances which would require a non-modifiable award of support”).
 

 As discussed above, although the trial court’s award of lump sum alimony in lieu of permanent alimony may be justified, the court made no findings justifying such an award either on the record or in the final order.
 

 Because the trial court failed to make the appropriate findings to support its determination and because the denial of permanent alimony and the award of the marital home are interrelated, we REVERSE the denial of permanent alimony and the award of the marital home and REMAND for the trial court to clarify its order; consider available remedies which will accomplish equity between the parties; and make findings justifying such awards.
 
 See Peak,
 
 411 So.2d at 328 (“We cannot set aside the child support award without also setting aside the provisions of the final judgment dealing with alimony, because they are all interrelated.”);
 
 see Perez v. Perez,
 
 882 So.2d 537, 539 (Fla. 3d DCA 2004) (“The court may make such other modifications in the judgment as may be appropriate in light of this ruling.”).
 

 REVERSED AND REMANDED.
 

 VAN NORTWICK, PADOVANO, and HAWKES, JJ., concur.
 

 [1]
 

 . Although the court did not make a finding regarding the former wife’s monthly expenses, her financial affidavit claimed expenses totaling $4,221. In turn, the former husband’s financial affidavit claimed the Wife's monthly expenditures amounted to $3,508 as the mortgage had been refinanced prior to the hearing. As a result, it would seem that if the former wife’s income is $3,465/month she has insufficient income to meet her monthly expenses.