PER CURIAM.
The former wife appeals a final judgment dissolving the parties’ 12-1/2-year marriage, awarding her transitional bridge-the-gap alimony in the amount of $1,100.00 per month for a period of 18 months, and denying her request for per *190 manent periodic alimony. In pertinent part, she contends that the trial court abused its discretion in applying the factors in section 61.08(2), Florida Statutes (2010), which are to be considered in resolving alimony issues. Given the evidence that the trial court miscalculated both parties’ monthly net incomes, and our inability to determine whether the court considered all relevant factors in section 61.08(2) before denying permanent periodic alimony, we reverse the trial court’s determination of income and remand for income recalculations and findings of fact.
The first alleged error is the court’s adding the parties’ monthly retirement income to their monthly net incomes after the parties themselves had included their military retirement in their income calculations. The result was that the court included military retirement twice in calculating net income. Specifically, in properly considering “[a]ll sources of income available to either party” pursuant to section 61.08(2)(i), the trial court made findings concerning the former wife’s net income per month, but then the court added her military retirement in the amount of $1,124.00 a month. By including her military retirement twice, the court found the former wife’s net monthly income is higher than the record would demonstrate. The court calculated the former husband’s net income per month and then added his monthly military retirement, apparently unaware that the former husband had already included his military retirement.
In deciding whether to award alimony or maintenance, the trial court “shall first make a specific factual determination as to whether either party has an actual need for alimony or maintenance and whether either party has the ability to pay alimony or maintenance.” § 61.08(2), Fla. Stat. (2010); Adams v. Adams, 604 So.2d 494, 495-96 (Fla. 3d DCA 1992) (stating that in determining whether to award permanent periodic alimony, the trial court must consider the requesting spouse’s needs and the other spouse’s ability to pay). In its seminal decision in Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980), the Florida Supreme Court stated the purpose of permanent periodic alimony is “to provide the needs and the necessities of life to a former spouse as they have been established by the marriage of the parties.” Id. at 1201; Zeigler v. Zeigler, 635 So.2d 50, 53-54 (Fla. 1st DCA 1994). It could very well be (and the record does not indicate otherwise) that relying on the inflated monthly income figure for the former wife, the trial court concluded that she failed to prove an actual need for permanent periodic alimony. The fact that the court inflated the former husband’s income as well could affect the finding concerning his ability to pay alimony. We direct the court on remand to recalculate the parties’ respective net monthly incomes. See Soto v. Soto, 974 So.2d 403 (Fla. 2d DCA 2007) (reversing trial court’s determination as to former husband’s income available for alimony and child support and remanding for recalculations).
On the issue of alimony, section 61.08(2)(f) requires the trial court to consider, inter alia, “[t]he contribution of each party to the marriage, including, but not limited to, services rendered in homemaking, child care, education, and career building of the other party.” The court found that each party contributed equally during their marriage, and each assisted the other “somewhat equally” in their careers. The second alleged error is the court’s failure to address the undisputed evidence that the former wife made considerable financial and career sacrifices in moving from South Carolina to Florida to marry the former husband in 1997. The former husband made it a condition of their getting *191 married that the former wife move to Florida. The former wife testified that in South Carolina, she had her own home to live in and stable employment at Blue Cross/Blue Shield with retirement benefits. She had to remove thousands of dollars from her pension fund to facilitate her move to Florida and to pay marital bills. The former wife’s employment situation in Florida has been less favorable, and the trial court found that her current earning capacity at age 59 is consistent with her current income. Her present employer imposed a 10% pay cut in Fall 2010, does not allow overtime, and offers her no retirement plan. Nothing in the record indicated, nor did the trial court find, that the former wife’s employment circumstances are likely to improve over the 18-month duration of bridge-the-gap alimony. When the former wife was asked at the dissolution hearing why she did not return to live in her home in South Carolina, she testified that no appropriate jobs are available for her in that region. The former husband testified that when he and the former wife decided to marry in 1997, they both knew she was going to rely on his larger income for financial support.
The former husband, in his early 60s, has steady employment. In the final judgment, the court correctly stated that the former husband has experienced three heart attacks, has stents in his heart, and takes heart medication. No record evidence indicated, however, that the former husband’s health status had adversely affected his employment.
Although the former husband’s monthly income is substantially higher than the former wife’s, the trial court made him responsible for a considerable portion of the parties’ marital debts. While the former wife contends that she cannot support herself without permanent periodic alimony, the former husband responds that his greater share of the substantial marital debt renders him unable to pay permanent alimony. Findings of fact are especially important in “gray area” marriages like the parties’ 12-1/2-year marriage, where no presumption exists in favor of or against permanent alimony. Biskie v. Biskie, 37 So.3d 970, 972 (Fla. 1st DCA 2010). Because the record does not disclose whether the trial court considered the evidence of the former wife’s alleged financial and career sacrifices in moving to Florida, we remand for findings of fact relating to the parties’ respective contributions to the marriage and career building.
On recalculating the parties’ incomes and making adequate findings to allow meaningful appellate review, the trial court may reconsider the former wife’s request for permanent periodic alimony to meet her long-term financial needs. We REVERSE the trial court’s determination of the parties’ incomes and REMAND for recalculation of incomes and for findings of fact relating to section 61.08(2)(f).
LEWIS, ROBERTS, and RAY, JJ., concur.