# First District Court of Appeal
## State of Florida

_____

No. 1D17-5237
_____

Firuza Sarazin,

    Appellant,

    v.

Ratko John Sarazin,

    Appellee.

_____

On appeal from the Circuit Court for Escambia County.
Darlene F. Dickey, Judge.

February 5, 2019

Per Curiam.

Firuza and Ratko Sarazin ended their fifteen-year marriage in 2017. They agreed about some aspects of the dissolution—the parenting plan for their two children, for example—but they turned to the court to resolve certain financial disagreements. The trial court entered a final judgment equitably distributing the marital assets, awarding the wife alimony and child support, and addressing the issue of attorney's fees. Firuza Sarazin (the wife) now appeals, raising several issues. We affirm in part and reverse in part.

I.

The wife first challenges the court's decision to exclude from the equitable distribution analysis $80,000 the husband sent his

parents in Croatia shortly before she petitioned for dissolution. The court found marital assets of approximately $360,000 and essentially no marital debt. But the total available for distribution would have been approximately $440,000 had the husband not sent his parents $80,000, and the wife argues that the $440,000 should have been the starting point. The husband testified he gave his parents the money to help with their home and that the wife was fully on board with it and approved the gift. The wife testified that she never approved it, and the trial court rejected the husband's contrary testimony. The trial court found, though, that the husband was unaware of the imminent dissolution. The marriage had been struggling for a while, and the wife had long threatened divorce, but the husband testified he was nonetheless blindsided, not believing any filing was imminent.

We review a trial court's equitable distribution ruling only for an abuse of discretion. *Stough v. Stough*, 18 So. 3d 601, 604 (Fla. 1st DCA 2009). Under section 61.075(1)(i), Florida Statutes, courts must consider "intentional dissipation . . . of marital assets" in deciding whether to depart from "the premise that the distribution should be equal." Here, the trial court explicitly concluded that the husband's $80,000 transfer to his parents did not constitute "intentional dissipation of marital assets," and we cannot conclude otherwise. The wife argues that the trial court erred by relying solely on its finding that the husband was unaware that a dissolution petition was imminent when he transferred the money. The wife argues that the correct inquiry is not whether a filing was imminent but whether the transfer came "at a time when the marriage is undergoing an irreconcilable breakdown." *Walker v. Walker*, 85 So. 3d 553, 555 (Fla. 1st DCA 2012) (quoting *Belford v. Belford*, 51 So. 3d 1259, 1260-61 (Fla. 2d DCA 2011)). But it is not clear that the trial court based its decision solely on when the husband learned of his wife's intentions—or that it found an "irreconcilable breakdown" existed at the time of the transfer. Indeed, the husband had testified he was trying to work things out with his wife. Moreover, the trial court could not have distributed the $80,000 without an explicit finding of the husband's misconduct, *see Jones v. Jones*, 239 So. 3d 211, 212-13 (Fla. 1st DCA 2018), and the court made no such finding. "As a general rule, expenditures and investment decisions which do not rise to the level of misconduct will not support an unequal distribution of

marital assets." *Branch v. Branch*, 775 So. 2d 406, 407 (Fla. 1st DCA 2000). Perhaps this record could have supported such a finding, but we cannot say the trial court was obligated to make a finding of misconduct. *Cf. Spence v. Spence*, 669 So. 2d 1110, 1111 (Fla. 1st DCA 1996) (finding misconduct where "[t]here is competent, substantial evidence in the record to support the trial court's finding that Former Wife, in effect, deceived Former Husband into the transfer"). We therefore affirm the court's decision to exclude the transfer from the equitable distribution.

## II.

Next, the wife argues that the trial court erred by considering gifts from her family in determining the alimony award. The wife's mother and brothers regularly gave her substantial gifts, and the trial court found that these gifts were likely to continue after the marriage ended. The court allocated $4,261 per month in income, reflecting the anticipated future gifts based on what the family had given her in the past—nearly $470,000 over the past decade or so. The wife now argues that there was no evidence to show that these gifts would continue.[1]

We must reverse. This court has held that "[g]ifts which have not yet been received are purely speculative in nature, mere expectancies, and as such are not properly included in the calculation of income for purposes of determining the need for, or the ability to provide, support." *Shiveley v. Shiveley*, 635 So. 2d 1021, 1022 (Fla. 1st DCA 1994) (noting "[w]e are also required to reverse the decision of the trial court to impute income to [former wife] based upon past gifts from her parents"); *accord Bedell v. Bedell*, 583 So. 2d 1005, 1008 (Fla. 1991) ("We reject the husband's contention that the wife does not really need more alimony because her mother is assisting in her support. For the purpose of demonstrating need in dissolution or modification proceedings, the fact that one of the parties is surviving through the largess of her

---

[1] The wife testified below that her family's payments were not gifts, but loans she would have to repay. The court rejected this testimony, finding no repayment obligation. The wife has not challenged this fact-finding on appeal, so we will consider the payments gifts.

family is legally irrelevant."); *Gardner v. Gardner*, 692 So. 2d 245, 245-46 (Fla. 1st DCA 1997) ("The trial court abused its discretion in failing to award alimony based on the monetary gifts appellee's parents had given in the past but were under no obligation to give in the future."). The wife testified her family helped her when she had needs, and it may be logical to conclude—as the trial court did—that her family would continue to help her when she had post-marriage needs. But our precedent does not allow such a conclusion to affect alimony determinations. On remand, the court should not consider family gifts in determining alimony.[2]

## III.

Last, the wife argues that the trial court abused its discretion by refusing to award her attorney's fees. The trial court denied her request for fees, finding "it is not appropriate to order the Husband to pay the Wife's attorney's fees that have already been paid by her family due to the lack of proof that she needs to repay them." The wife argues this was error, citing *Burrill v. Burrill*, 701 So. 2d 354 (Fla. 1st DCA 1997). In *Burrill*, this court held that "[i]n assessing whether a fee award is appropriate, the court must 'determine the parties' financial ability to pay fees based only upon the financial resources of the parties and not to financial assistance of family or friends.'" *Id.* at 356 (quoting *Bromante v. Bromante*, 577 So. 2d 662, 662 (Fla. 1st DCA 1991)). But the denial in *Burrill* "was predicated on a finding that both parties borrowed money from their parents to pay their attorney's fees and costs." *Id.* Here, the court found that the wife's fees were paid by her family, that she had no obligation to repay, and that she therefore had no financial need relating to fees. *See Burnett v. Burnett*, 237 So. 3d 447, 450 (Fla. 1st DCA 2018) ("The primary considerations for an award of attorney's fees under section 61.16, Florida Statutes, are the party's need and the other party's ability to pay."); *Abbott v. Abbott*,

---

[2] The wife separately challenges the child-support calculations, again arguing that the court wrongly considered her family gifts. We reverse the child-support calculation for the same reason we reverse the alimony calculation. On remand the trial court should recalculate child support without considering any anticipated gifts from the wife's family.

187 So. 3d 326, 329 (Fla. 1st DCA 2016) ("An order to pay a portion of the spouse's attorney's fees must be based on the requesting party's need and the other party's ability to pay the fees."). We cannot conclude that the trial court's finding regarding the wife's lack of need was not supported by competent, substantial evidence. The wife did not need assistance from her former husband to secure quality counsel. *See Abbott*, 187 So. 3d at 328 ("[T]he purpose of section 61.16 is to ensure that both parties will have a similar ability to obtain competent legal counsel." (marks omitted)). We therefore affirm the denial of fees.

AFFIRMED in part; REVERSED in part.

ROBERTS, RAY, and WINSOR, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Charles F. Beall, Jr., of Moore, Hill, & Westmoreland, P.A., Pensacola, and Nicole Kessler Ferry of Ferry & Ferry, P.A., Pensacola, for Appellant.

Laura E. Keene of Beroset & Keene, Pensacola, for Appellee.