DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WILLIAM WHITTAKER,**
Appellant,

v.

**AMY S. WHITTAKER,**
Appellee.

No. 4D20-641

[November 17, 2021]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Scott Suskauer, Judge; L.T. Case No. 50-2018-DR-009579-XXXX-NB.

Philip M. Burlington and Jeffrey V. Mansell of Burlington & Rockenbach, P.A., West Palm Beach, and Lisa Hudson of Hudson Family Law, Palm Beach Gardens, for appellant.

Amy S. Whittaker, Jupiter, pro se.

CONNER, C.J.

Appellant, William Whittaker ("Former Husband"), appeals the final judgment dissolving his marriage. Former Husband raises multiple issues on appeal. We affirm without discussion as to all issues raised, except for the three issues discussed below, which constitute reversible error.

*Background*

At the time of the final hearing, Former Husband and appellee, Amy S. Whittaker ("Former Wife"), had been married sixteen years and had three minor children. After Former Wife petitioned for dissolution of marriage and Former Husband counter-petitioned for the same, the parties agreed to a parenting plan. The case proceeded to a final hearing on issues of equitable distribution and alimony.

The final judgment awarded Former Wife durational and "lump sum" alimony. For purposes of durational alimony, the trial court imputed an income to Former Husband of $125,000 per year. In the context of

alimony, the trial court found that Former Wife had an actual need of $4,058 per month, but Former Husband had the current ability to pay only $3,000 per month. Additionally, although the trial court acknowledged that Former Husband did "not have the present financial ability to pay [Former] Wife for her reasonable attorney's fee[s] and costs in a lump sum payment," it ordered Former Husband to pay $500 per month until the total of Former Wife's attorney's fees and costs is paid.

After his motion for rehearing was denied, Former Husband gave notice of appeal. Additional background information relevant to each issue we analyze below will be provided.

*Appellate Analysis*

*Equitable Distribution*

Former Husband argues that the trial court erred in failing to include marital credit card debts and a home equity line of credit in its equitable distribution.

"The standard of review of a trial court's determination of equitable distribution is abuse of discretion. However, '[a] trial court's legal conclusion that an asset is marital or nonmarital is subject to de novo review.'" *Berg v. Young*, 175 So. 3d 863, 867 (Fla. 4th DCA 2015) (alteration in original) (quoting *Bell v. Bell*, 68 So. 3d 321, 328 (Fla. 4th DCA 2011)).

Former Husband's certified public accountant witness presented evidence of debts from six credit cards and one home equity line of credit as marital liabilities. Former Wife did not dispute the accountant's testimony. However, the trial court did not include any of these liabilities in its equitable distribution, which was error. *See Heiny v. Heiny*, 113 So. 3d 897, 901 (Fla. 2d DCA 2013) ("Section 61.075, Florida Statutes (2009), requires a trial judge to identify all marital assets and liabilities as defined therein, value them, and distribute them equitably between the parties. A trial court's failure to include all marital assets or debts in an equitable distribution plan violates section 61.075 and requires reversal."). We therefore reverse as to this issue and remand for the trial court to make appropriate findings and adjustments to the equitable distribution of assets and liabilities that considers the credit card debts and home equity line of credit.

2

*Gross vs. Net Income*

Former Husband argues the trial court erred in determining his ability to pay alimony based on his gross income, rather than his net income.

The fact that the trial court must base its support determinations on net, rather than gross, income is an issue of law, *see Hanson v. Hanson*, 217 So. 3d 1165, 1166 (Fla. 2d DCA 2017), and therefore, is reviewed de novo, *see Norman v. Padgett*, 125 So. 3d 977, 978 (Fla. 4th DCA 2013).

Former Husband is correct, that "[n]et income rather than gross income is relevant when calculating support awards, including alimony." *Rentel v. Rentel*, 124 So. 3d 993, 994 (Fla. 4th DCA 2013). The trial court imputed an income of $125,000 per year to Former Husband and based its alimony determination on that figure. The record indicates that the trial court imputed $125,000 per year to Former Husband as *gross* income. First, the trial court relied, at least in part, on a previous job offer Former Husband rejected for $125,000 per year. Additionally, although the trial court discussed Former Wife's expenses in the final judgment, it failed to discuss any of Former Husband's expenses. *Cf. Kingsbury v. Kingsbury*, 116 So. 3d 473, 474-75 (Fla. 1st DCA 2013) ("Here, the only mention in the final judgment of Mr. Kingsbury's income, and thus his ability to pay alimony, was his gross income. This is error.").

At the least, it is unclear whether the trial court imputed $125,000 per year to Former Husband as gross or net income. *Cf. Wabeke v. Wabeke*, 31 So. 3d 793, 796 (Fla. 2d DCA 2009) ("A trial court's failure to make specific factual findings with regard to alimony 'may preclude meaningful appellate review[] and result in a case having to be reversed and remanded.'" (alteration in original) (quoting *Ruberg v. Ruberg*, 858 So. 2d 1147, 1155 (Fla. 2d DCA 2003))). Therefore, we reverse as to this issue as well and remand for the trial court to appropriately adjust the amount of durational alimony based on its findings.

*Attorney's Fees*

Finally, Former Husband argues that the trial court erred in finding that he had the ability to pay Former Wife's attorney's fees and costs.

"The standard of review for an award or denial of attorney's fees in a dissolution of marriage proceeding is abuse of discretion." *Gunn v. Ubbels*, 101 So. 3d 420, 420 (Fla. 5th DCA 2012).

3

The trial court found that Former Husband had the ability to pay for two reasons: (1) because Former Husband's mother paid his attorney's fees and costs of over $200,000 during the dissolution proceeding; and (2) based on Former Husband's in-kind employment benefits and imputed income.

"When determining a party's ability to pay and a party's need for attorney's fees and costs, the general rule is that the trial court may only consider the 'financial resources of the parties and not the financial assistance of family or friends.'" *Rogers v. Rogers*, 824 So. 2d 902, 903 (Fla. 3d DCA 2002) (quoting *Bromante v. Bromante*, 577 So. 2d 662, 663 (Fla. 1st DCA 1991)). "An exception to this general rule is that income can be imputed based on gifts if the gifts are continuing and ongoing, not sporadic, and where the evidence shows that the gifts will continue in the future." *Id.* The trial court erred in considering Former Husband's mother's gifts because there was no evidence the gifts would continue in the future.[1] Additionally, because the trial court erred in its determination as to equitable distribution as addressed above, we deem it appropriate for the trial court to reconsider the issue of entitlement to attorney's fees and costs. *See Weymouth v. Weymouth*, 87 So. 3d 30, 38-39 (Fla. 4th DCA 2012).

*Conclusion*

We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

*Affirmed in part, reversed in part, remanded with instructions.*

FORST and KUNTZ, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

---

[1] Although Former Husband raised an issue of insufficiency of evidence that parental gifts would continue as an element of proof for imputation of income, we did not determine his arguments were persuasive in the context of durational alimony. However, the gifting of money for payment of attorney's fees and costs is a completely different matter in the context of whether the gifts would continue.

4