743 So.2d 81 (1999)
Gary Lee MORRIS, Appellant/Cross-Appellee,
v.
Robin Lynn Tardif MORRIS, Appellee/Cross-Appellant.
No. 98-1835.
District Court of Appeal of Florida, Fifth District.
September 3, 1999.
Rehearing Denied October 25, 1999.
*82 Michael A. Kundid and Theodore R. Doran of Doran, Wolfe & Ansay, Daytona Beach, for Appellant/Cross-Appellee.
Horace Smith, Jr., P.A., of Smith, Hood, Perkins, Loucks, Stout, Orfinger & Selis, Daytona Beach, for Appellee/Cross-Appellant.
PER CURIAM.
Gary Lee Morris appeals the award of permanent alimony to his former wife, Robin Lynn Tardif Morris, as well as an award of her attorney's fees. The former wife appeals the manner of distribution of the marital assets. We find no abuse in discretion by the trial court except with the award of attorney's fees.
The final judgment awarded to the former wife $876,000 in net assets. The most valuable of these assets was the publically traded stock of a corporation worth, at the time of disposition, approximately $730,000. The 35 year old former wife was also awarded $3,800 per month permanent alimony, $150 per month rehabilitative alimony for four years, child support of $1,500 per month, costs totaling $33,115 and entitlement to attorney's fees. The former husband received $1,206,000 of the net marital assets. The most valuable asset he received was an interest in a close corporation worth approximately $1,160,000.[1] The amount of income each party will have after the dissolution is not fully clear, but it appears the former wife will have around $50,000 per year in income while the former husband will likely have double that amount.
Section 61.16, Florida Statutes (1997) states that: "[t]he court may ..., after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney's fees, suit money, and the cost to the other party of maintaining or defending any proceeding under this chapter...." The former wife's argument, that an award of fees was reasonable because the final judgment leaves the former husband with more wealth than the former wife, ignores an entire line of cases from this district which hold that an award of attorney's fees pursuant to section 61.16 is improper where both parties have ample means to obtain competent counsel, and an equitable distribution of the marital assets has already been affected outside the award of fees. See e.g., Schiller v. Schiller, 625 So.2d 856 (Fla. 5th DCA 1993);Wilkerson v. Wilkerson, 623 So.2d 1192 (Fla. 5th DCA 1993); Sizemore v. Sizemore, 487 So.2d 1080 (Fla. 5th DCA 1986).
Here, the former wife was awarded permanent periodic alimony of over $45,000 per year and $876,000 in net marital assets. The trial court made an equitable distribution of the parties' assets. Neither party was left in a position where he or she could not afford his or her own attorney's fees.
We affirm the final judgment of dissolution except for the award of attorney's fees to the former wife. The entitlement to the attorney's fees and the amount of the award is vacated.
AFFIRMED IN PART; VACATED IN PART, REMANDED.
DAUKSCH, PETERSON, JJ., and MIHOK, A.T., Associate Judge, concur.
NOTES
[1] The former husband was also recognized as owning another portion of this corporation as a non-marital asset.