894 So.2d 272 (2004)
Sally J. CARR f/k/a Sally C. Shawfrank, Appellant,
v.
Richard W. SHAWFRANK, Appellee.
Nos. 1D03-4398, 1D03-3761.
District Court of Appeal of Florida, First District.
December 20, 2004.
Opinion Clarifying Decision and Denying Rehearing February 28, 2005.
*273 Barry S. Sinoff, of Law Offices of Barry S. Sinoff, P.A., Jacksonville; and Michael J. Korn, of Korn & Zehmer, P.A., Jacksonville, for appellant.
Demere Mason, of Jackson and Mason, Jacksonville, for appellee.
WOLF, C.J.
The former wife appeals from an order granting the former husband's supplemental petition for modification of final judgment of dissolution of marriage. The wife argues that reasons given by the trial judge did not constitute a sufficient change of circumstances justifying a reduction in alimony. We agree in all respects except one. The trial court's finding  that the husband's 19% reduction in income constituted a substantial, material, permanent, and involuntary change in circumstances not contemplated at the final judgment of dissolution  was supported by competent substantial evidence. The other grounds raised by the husband for modification of his alimony obligations constituted nothing more than disagreement with prior decisions of this court as well as the trial court. The trial court, therefore, erred to the extent that it relied on these grounds as a basis for modification. We reverse the trial court's order of modification and remand with instructions that the trial court reduce the original alimony award by only 19%.[1]
Both parties have requested appellate attorney's fees, and the former wife challenges the trial court's denial of her request for attorney's fees. We deny both parties' requests based on need and ability to pay, but remand to the trial court to consider the wife's request for fees at the trial and appellate level based on the authority of Rosen v. Rosen, 696 So.2d 697 (Fla.1997) (holding that in determining entitlement to attorney's fees the court may consider the duration and history of the litigation as well as whether its main purpose was to harass or frustrate).
WEBSTER and HAWKES, JJ., concur.

On appellee's Motion for Clarification, and appellant's Amended Motion for Rehearing or Alternatively Motion for Clarification
WOLF, C.J.
In light of this court's prior decision that the original award of alimony should have been reduced by only 19%, we clarify our previous opinion and reverse that portion of the trial court's order determining appellee's retroactive credit for overpaid alimony. The case is, therefore, remanded to the trial court to readdress the retroactivity issue in accordance with the dictates of our opinion. In all other respects the motions for clarification and rehearing are denied.
WEBSTER and HAWKES, JJ., concur.
NOTES
[1] While we would normally remand to the trial court for reconsideration, we feel that our disposition is appropriate because of the history of this particular case and the husband's unwillingness to accept previous determinations of the court.