PER CURIAM.
The former husband appeals the trial court’s order awarding attorney’s fees and costs to his former wife arising from post-dissolution proceedings. The trial court assessed attorney’s fees of $68,028.56 against the former husband, determining that the former husband’s supplemental petition for modification of alimony was without merit and was brought or maintained primarily to harass.[1] We reverse the trial court’s order assessing attorney’s fees against the former husband.
This case presents a long and tortured history. The parties were divorced in November 1999, and pursuant to the final judgment of dissolution, the former wife was awarded permanent periodic alimony in the amount of $8,850 per month. At the time, the former husband was employed by a family-owned business that manufactured components for the production of cathode-ray television tubes. In December 1999, a month after the final judgment of dissolution was entered, the former husband filed a petition seeking a downward modification of alimony. Three months later, the former husband filed a motion for temporary suspension of alimony. The former husband also appealed the final judgment of dissolution and the permanent alimony award to the former wife. This court affirmed the trial court’s judgment in Shawfrank v. Shawfrank, 779 So.2d 687 (Fla. 1st DCA 2001) (“Shawfrank I ”).
Later in 2001, after Shawfrank I was decided, the former husband filed a second supplemental petition for modification of alimony, citing a reduction in his income as a substantial, material change in circumstances not contemplated at the time of *936 the final judgment of dissolution. The second petition resulted in the trial court ordering that the former husband’s alimony obligation be reduced by over 50%. That order was reversed by this court based on a determination that the record supported only a 19% reduction in the former husband’s alimony obligation. See Carr v. Shawfrank, 894 So.2d 272, 273 (Fla. 1st DCA 2004) (“Shawfrank II”). On remand, the trial court entered an order on September 26, 2005, reducing the former husband’s alimony obligation in accordance with the decision in Shawfrank II.
Less than a year later, in August 2006, the former husband filed another supplemental petition for modification of alimony, citing a substantial change in circumstances due to an unanticipated and significant reduction in his income. The former husband asserted that his business had lost all of its principal customers as a result of changes in technology, and the lack of demand for cathode-ray tube televisions. The former husband stated that the family business had ceased operations and that he was unable to obtain comparable employment. The former husband also asserted that distributions of principal he received from two trusts established by the former husband’s parents should not be considered income available for the payment of alimony. The trial court denied the requested modification of alimony, determining that despite the former husband’s loss of income from the family business, the trust income available to the former husband, as well as income derived from the sale of real property, supported the former husband’s ability to continue meeting his alimony obligation. By separate order, which is the subject of the instant appeal, the trial court awarded the former wife attorney’s fees and costs based on its determination that the former husband’s petition was without merit and brought primarily to harass. We conclude that the trial court erred in awarding fees to the former wife.
In Rosen v. Rosen, 696 So.2d 697 (Fla.1997), the Florida Supreme Court instructed that “[t]he purpose of [section 61.16, Florida Statutes] is to ensure that both parties will have a similar ability to obtain competent legal counsel.... [T]o ensure that both parties have similar access to competent legal counsel, the trial court must look to each spouse’s need for suit money versus each spouse’s respective ability to pay.” Id. at 699 (citing Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980)). Thus, the primary considerations for the trial court to consider when awarding attorney’s fees under section 61.16 are need and ability to pay. Here, however, need and ability to pay were not the primary bases for the trial court’s award. Because the parties stipulated below that neither party would submit testimony or argument related to their monthly expenses, the trial court made no findings regarding the former wife’s need for an award of fees. However, the financial affidavits submitted by the parties to the trial court reflect that both parties have substantial liquid assets and no liabilities. Thus, the record evidence does not establish that the former wife required an award of fees to “have a similar ability to obtain competent legal counsel.” Id.
However, pursuant to Rosen, in addition to considering the relative financial positions of the parties, the trial court may also consider “other relevant circumstances” in determining whether to award attorney’s fees and costs:
Section 61.16 constitutes a broad grant of discretion, the operative phrase being “from time to time.” The provision simply says that, a trial court may from time to time, i.e., depending on the circum *937 stances surrounding each particular case, award a reasonable attorney’s fee after considering the financial resources of both parties. Under this scheme, the financial resources of the parties are the primary factor to be considered. However, other relevant circumstances to be considered include factors such as the scope and history of the litigation; the duration of the litigation; the merits of the respective positions; whether the litigation is brought or maintained, primarily to harass (or whether a defense is raised mainly to frustrate or stall); and the existence and course of prior or pending litigation. Had the legislature intended to limit consideration to the financial resources of the parties, the legislature easily could have said so.
Id. at 700 (emphasis added).
Here, the trial court based the award of attorney’s fees and costs to the former wife based on the scope and history of the litigation between the parties and its determination that the litigation brought by the former husband was without merit and brought primarily to harass. The trial court concluded that the litigation between the parties “has been virtually continuous, as a result of Former Husband’s continued efforts to eliminate his alimony.” The trial court further concluded that the former husband’s petition was wholly without merit and the litigation was brought or maintained primarily to harass.
We disagree. Based on a careful review of the record, we conclude that the trial court erred in awarding attorney’s fees to the former wife based on purported litigation misconduct by the former husband and the merits of the litigation. Despite the long history of litigation between the parties, and despite our decision affirming the trial court’s discretionary ruling denying the current petition, we cannot conclude that the legal positions asserted by the former husband in support of the current petition for modification were wholly without merit. The record supports that the former husband stopped receiving income from the family business when the business ceased operations. The record also reflects that the former husband was required to take distributions of principal from the family trust accounts to continue to meet his alimony obligation to the former wife. To conclude that the former husband’s legal position with regard to the substantial change of circumstances in his financial position was wholly without merit is contrary to the record.
Because the record evidence of the relative financial positions of the parties does not support an award of attorney’s fees to the former wife under Rosen, and because the record does not demonstrate that the former husband brought the current litigation primarily to harass or that the former husband’s legal positions wholly lacked merit, we reverse the trial court’s award of attorney’s fees to the former wife.
PADOVANO, ROBERTS, and ROWE, JJ., concur.

. In a separate case in this court, # 1D11-1429, the former husband is also appealing the trial court’s denial of his motion to modify or terminate alimony. In an opinion being released concurrent with this opinion, this court is affirming the trial court’s denial of the motion to modify. Shawfrank v. Shaw-frank, No. 1D11-1429, 95 So.3d 220, 2012 WL 3642446 (Fla. 1st DCA Aug. 27, 2012).