FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

Nos. 1D17-384
1D17-885

_____

ROBERT E. BURNETT, JR.,

    Appellant,

    v.

LINDA M. BURNETT,

    Appellee.

_____

On appeal from the Circuit Court for Okaloosa County.
John Jay Gontarek, Judge.

February 5, 2018

PER CURIAM.

In these consolidated appeals, Robert E. Burnett, Jr., appeals from a final judgment of dissolution of marriage and an order awarding attorney's fees. He raises several issues on appeal, three of which require reversal. We affirm the other issues without comment.

On September 29, 2014, Robert Burnett filed a petition for dissolution of marriage in the trial court. The case proceeded to a bench trial, where issues related to alimony and the equitable distribution of assets were tried. The trial court evenly divided the marital assets of approximately $1.2 million between the parties, giving Ms. Burnett the marital home along with the attendant

mortgage. This resulted in Ms. Burnett being awarded over $450,000 in cash and investment accounts. Additionally, after finding a significant disparity between the parties' income, the court ordered Mr. Burnett to pay his wife $5,000 per month in permanent periodic alimony. The court also ordered Mr. Burnett to secure the alimony award with a $500,000 life insurance policy, payable to Ms. Burnett.

On appeal, Mr. Burnett first asserts that the alimony award should be reversed because the court failed to make adequate findings regarding the need for alimony. We agree. "In determining whether to award alimony or maintenance, the court shall first make a specific factual determination as to whether either party has an actual need for alimony or maintenance and whether either party has the ability to pay alimony or maintenance." § 61.08(2), Fla. Stat. After making an initial determination that alimony should be awarded the court must then consider the factors enumerated in section 61.08(2) before determining the type and amount of alimony to award. *Id.*; *Winder v. Winder*, 152 So. 3d 836, 840 (Fla. 1st DCA 2014). "'The financial needs of one spouse and the ability of the other spouse to pay are the primary factors for the trial court to consider,' and '[a] lack of adequate findings hampers meaningful appellate review.'" *Justice v. Justice*, 80 So. 3d 405, 408 (Fla. 1st DCA 2012) (quoting *Austin v. Austin*, 12 So. 3d 314, 317-18 (Fla. 2d DCA 2009)). Thus, this Court will reverse when "the final judgment does not reveal how the trial court arrived at the sum of" alimony it awarded, particularly when the evidence is conflicting. *Winney v. Winney*, 979 So. 2d 396, 401 (Fla. 1st DCA 2008).

In this instance, we do not know how the trial court arrived at the alimony figure. That is, the final judgment "lacks clear findings as to how it reached the alimony award." *Winder*, 152 So. 3d at 841. For instance, although the court made findings regarding the parties' incomes, we see no findings about Ms. Burnett's monthly living expenses, which Mr. Burnett vigorously contested. Without more, we cannot determine how the trial court arrived at the sum of $5,000 per month in alimony, or whether that figure is appropriate.

2

Second, pursuant to section 61.08(3), Florida Statutes, the trial court ordered Mr. Burnett to secure the alimony award with $500,000 in life insurance. However, "[i]n order to support the life insurance requirement, the trial court must make specific evidentiary findings as to the availability and cost of insurance, the obligor's ability to pay, and the special circumstances that warrant such security." *Kotlarz v. Kotlarz*, 21 So. 3d 892, 893 (Fla. 1st DCA 2009); *see also Gotro v. Gotro*, 218 So. 3d 494, 498 (Fla. 1st DCA 2017). The trial court did not make these findings. Thus, we agree with Mr. Burnett that the life insurance requirement also must be reversed so that necessary findings can be made.

Finally, Mr. Burnett asserts that the trial court erred in requiring him to pay one-hundred percent of Ms. Burnett's attorney's fees. The primary considerations for an award of attorney's fees under section 61.16, Florida Statues, are the party's need and the other party's ability to pay. *See Shawfrank v. Shawfrank*, 97 So. 3d 934, 936 (Fla. 1st DCA 2012). An award of attorney's fees cannot be "based *solely* on disparity of income," but rather the court should consider the overall financial position of the parties. *Arena v. Arena*, 103 So. 3d 1044, 1046 (Fla. 2d DCA 2013); *see also Morris v. Morris*, 743 So. 2d 81, 82 (Fla. 5th DCA 1999) ( "[A]n entire line of cases . . . hold that an award of attorney's fees pursuant to section 61.16 is improper where both parties have ample means to obtain competent counsel, and an equitable distribution of the marital assets has already been affected outside the award of fees."). In this case, the court's findings indicate that it limited its analysis on the superior ability of Mr. Burnett to pay without accounting for the significant liquid award Ms. Burnett received in the equitable distribution. This was error where Ms. Burnett appears "able to pay some portion of her litigation fees without suffering an inequitable diminution of her assets." *Von Baillou v. Von Baillou*, 959 So. 2d 821, 825 (Fla. 4th DCA 2007). Accordingly, we reverse the award of attorney's fees and remand for the trial court to take account of both parties' ability to pay.

AFFIRMED in part, REVERSED in part, and REMANDED.

ROBERTS, RAY, and OSTERHAUS, JJ., concur.

3

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____


Peter N. Meros, St. Petersburg, for Appellant.

Anthony C. Bisordi of Bisordi & Bisordi, P.A., Shalimar, for Appellee.